**Freddie Ray CARNEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 56000.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 8, 1978.

---

Dalton Gandy, Fort Worth, Court appointed, for appellant.

Tim Curry, Dist. Atty., Marvin Collins, Stephen R. Chaney, Joe Drago, III, and Howard M. Fender, Asst. Dist. Attys., Fort Worth, for the State.

## OPINION

DALLY, Judge.

This is an appeal from an order revoking probation.

On May 7, 1975, appellant waived his right to a jury trial and entered a plea of guilty to the offense of burglary. Punishment was assessed at imprisonment for six years, but imposition of sentence was suspended and appellant was placed on probation. One of the conditions of his probation was that appellant commit no offense against the laws of this State.

On March 29, 1976, a motion to revoke appellant's probation was filed. The motion alleged that appellant committed the offense of aggravated robbery in Lubbock County on or about June 20, 1975, and had been convicted of said offense on December 9, 1975. On May 3, 1976, after hearing evidence, the trial court found the appellant had been convicted of the offense in Lubbock County, revoked appellant's probation, and imposed sentence. The court ordered that the six-year term of imprisonment assessed in the instant case was to be cumulated with the eighteen-year term appellant received in Lubbock County.

On July 13, 1976, after notice of appeal from the revocation order had been given but before briefs had been filed, the trial court ordered a new trial on the motion to revoke. The court entered this order upon learning that the Lubbock County conviction, upon which the revocation order had been based, was not final because an appeal therefrom was pending in this Court. On August 9, 1976, appellant filed a motion requesting a speedy hearing or, in the alternative, that the motion for revocation be dismissed, and on the same date the motion to revoke was dismissed.

This Court affirmed appellant's Lubbock County conviction in a per curiam opinion on March 1, 1977. On April 27, 1977, a new motion to revoke appellant's probation was filed, containing the same allegations as the original motion. On June 13, 1977, after hearing evidence, the trial court revoked appellant's probation and imposed sentence.

The term of imprisonment was again ordered cumulated with the term imposed in the Lubbock County conviction, but appellant was credited with time served from March 29, 1976, the date the original motion to revoke was filed.

Appellant contends that in filing the new motion to revoke nine months after the original motion had been dismissed the State violated Art. 42.12, Sec. 8(a), V.A.C. C.P. He also contends that he was denied his right to a speedy trial.

 Art. 42.12, Sec. 8(a), supra, provides that a defendant who has been arrested following the filing of a motion to revoke his probation and who has not been released on bail may request that a hearing be held on the motion within twenty days of the filing date. In enacting this provision, the Legislature was concerned that such defendants might spend an excessive amount of time in jail simply because they were unable to make bond and could not get an early hearing due to crowded trial dockets. *Ex parte Trillo*, 540 S.W.2d 728 (Tex.Cr.App.1976). Appellant, on the other hand, was in custody pursuant to the sentence entered in Lubbock County at the time he filed his motion for a speedy hearing; since the punishment assessed in Lubbock County was imprisonment for eighteen years, he could not be released on bond. Art. 44.04, V.A.C.C.P. In any event, the dismissal of a motion to revoke probation for violation of Sec. 8(a), supra, is without prejudice to the State's right to file another motion, provided that the defendant shall not be denied his right to a speedy trial or subjected to undue prejudice or harassment. *Ex parte Trillo*, supra. We hold that the State did not violate Art. 42.12, Sec. 8(a), supra, by filing the new motion to revoke.

 The right to a speedy trial guaranteed by the Constitutions of the United States and Texas is applicable to probation revocation proceedings. *Ross v. State*, 523 S.W.2d 402 (Tex.Cr.App.1975); *McClure v. State*, 496 S.W.2d 588 (Tex.Cr.App.1973); *Hilts v. State*, 476 S.W.2d 283 (Tex.Cr.App. 1972). Whether an accused has been denied

a speedy trial may be determined by the "balancing test" set out in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Each case requires consideration of the following factors, although they are not exclusive:

(1) the length of the delay;

(2) the reason for the delay;

(3) the defendant's assertion of the right; and

(4) the prejudice to the defendant resulting from the delay.

See also *Moore v. Arizona*, 414 U.S. 25, 94 S.Ct. 188, 38 L.Ed.2d 183 (1973); *Easley v. State*, 564 S.W.2d 742 (Tex.Cr.App.1978); *Turner v. State*, 545 S.W.2d 133 (Tex.Cr.App.1976); *McKinney v. State*, 491 S.W.2d 404 (Tex.Cr.App.1973).

■ Appellant's complaint is directed at the nine months which elapsed between the dismissal of the original motion to revoke, which occurred on the same day appellant filed his first and only request for a speedy hearing, and the filing of the new motion. It is obvious that this delay was occasioned by the appeal of the Lubbock County conviction, on which the State was relying to support its motion to revoke. This was not a deliberate attempt by the State to delay the hearing in order to hamper the defense, but was a valid reason, analogous to a missing witness, justifying an appropriate delay. See *Barker v. Wingo*, supra, 92 S.Ct. at 2192; *Easley v. State*, supra.

■ Appellant has demonstrated no significant prejudice to him as a result of the delay. In general, there are three interests to be considered in determining prejudice to the defendant: prevention of oppressive pretrial incarceration; minimizing anxiety and concern of the accused; and limiting the possibility that the defense will be impaired. *Barker v. Wingo*, supra; *McKinney v. State*, supra. Pretrial incarceration is not involved in this case, since appellant was in prison because of the Lubbock County conviction, and appellant does not claim that his defense was impaired. Any anxiety and concern which may have resulted from the delay must be considered in light of the fact that appellant was already waiting for a decision on his appeal from the much more serious Lubbock County conviction.

■ Appellant contends that because of the delay of the hearing he "lost the right to have at least a portion of his sentence run concurrent with the Lubbock County sentence." There is no "right" to a concurrent sentence; whether punishment will run concurrently or cumulatively is within the discretion of the trial judge. Art. 42.08, V.A.C.C.P.; *Banks v. State*, 503 S.W.2d 582 (Tex.Cr.App.1974); *McClure v. State*, supra. In the instant case, the trial judge ordered that the punishment be cumulated with the punishment received in Lubbock County, but gave appellant credit for time served since the original motion to revoke was filed. In effect, appellant was benefitted by the delay because the time credited was thereby increased, reducing the time to be cumulated with the Lubbock County conviction.

The State was not barred by Art. 42.12, Sec. 8(a), V.A.C.C.P., from filing the new motion to revoke appellant's probation following the dismissal of the original motion. In filing the new motion nine months after the first motion had been dismissed, the State did not, under the circumstances of this case, deny appellant his right to a speedy trial or subject him to undue prejudice or harassment.

The trial court did not abuse its discretion in revoking appellant's probation. The judgment is affirmed.