NUMBER 13-05-603-CR


NUMBER 13-05-604-CR

NUMBER 13-05-605-CR

NUMBER 13-05-606-CR

NUMBER 13-05-607-CR


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG







KYLE CORY
, Appellant,


v.



THE STATE OF TEXAS, Appellee.





On appeal from the 36th District Court


of San Patricio County, Texas.






MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Castillo


Memorandum Opinion by Justice Castillo




 By two points of error, appellant Kyle Cory appeals the judgment of punishment. 
We affirm.

Background

 Cory pleaded guilty without the benefit of a plea bargain to five separate
indictments alleging he committed multiple counts of sexual conduct and contact
involving five different children. (1) At the plea hearing, the trial court admonished Cory
as to the range of punishment in each case and the possibility that the sentences
imposed could run concurrently. Cory acknowledged he understood the
admonishments. Cory elected that the trial court assess punishment. The trial court
convened an evidentiary hearing on punishment. Numerous witnesses, including Cory,
testified. After considering the stipulated evidence and the testimony presented, the
trial court concluded that "there is a very high risk level of re-offending in this case." 
The trial court assessed punishment in each case at fifteen years in the Institutional
Division of the Department of Criminal Justice. The trial court ordered that each term
run concurrently as to the counts within each indictment and consecutively as to each
indictment. 

Disproportionate Punishment

 By his first point of error, Cory asserts that the seventy-five year sentence is
disproportionate to the nature of the offenses to which he judicially confessed. By his
second point of error, he asserts that the sentences were disproportionate to each
other because the number of counts in each indictment varied while the punishment
was the same. He concedes that the sentence imposed for each indictment is within
the range of punishment for the offenses alleged. The State responds that the
punishment assessed is within the range of punishment for each offense, the
punishment is not cruel and unusual, and Cory has not shown prejudice by the
complained-of stacking of the sentences. 

 Cory made no objection to his sentence to the trial court, either at the time of
sentencing or in any post-trial motion, on any grounds. He did not lodge an objection,
under constitutional or other grounds, to the alleged disparity, cruelness, unusualness
or excessiveness of the sentences. 

 To preserve an error for appellate review, a party must present a timely
objection to the trial court, state the specific grounds for the objection, and obtain a
ruling. Tex. R. App. P. 33.1(a); see Blue v. State, 41 S.W.3d 129, 131 (Tex. Crim.
App. 2000) (en banc). "All a party has to do to avoid the forfeiture of a complaint on
appeal is to let the trial judge know what he wants, why he thinks himself entitled to
it, and to do so clearly enough for the judge to understand him at a time when the trial
court is in a proper position to do something about it." Keeter v. State, 175 S.W.3d
756, 764 (Tex. Crim. App. 2005) (quoting Lankston v. State, 827 S.W.2d 907, 909
(Tex. Crim. App. 1992) (en banc)); Mercado v. State, 718 S.W.2d 291, 296 (Tex.
Crim. App. 1986) (en banc); Solis v. State, 945 S.W.2d 300, 301 (Tex.
App.-Houston [1st Dist.] 1997, pet. ref'd) (holding that a claim of grossly
disproportionate sentence violative of Eighth Amendment was forfeited by failure to
object); Quintana v. State, 777 S.W.2d 474, 479 (Tex. App.-Corpus Christi 1989,
pet. ref'd) (holding that failure to object to a sentence as cruel and unusual forfeits
error). Even constitutional claims can be forfeited by failure to object. See Smith v.
State, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986). In this case, by failing to object
to the trial court's sentence below, Cory has forfeited his complaints on appeal. 

 We observe that a trial court has absolute discretion to cumulate sentences. 
See Tex. Code Crim. Proc. Ann. art. 42.08 (Vernon Supp. 2005); Green v. State, 706
S.W.2d 653, 656 (Tex. Crim. App. 1986). We further observe that an accused has
no right to a concurrent sentence. Carney v. State, 573 S.W.2d 24, 27 (Tex. Crim.
App. 1978). 

 We are mindful that a sentence outside the maximum or minimum range of
punishment is unauthorized by law and therefore illegal. Escochea v. State, 139
S.W.3d 67, 80 (Tex. App.-Corpus Christi 2004, no pet.) (citing Mizell v. State, 119
S.W.3d 804, 806 (Tex. Crim. App. 2003)). Unlike most trial errors, which are
forfeited if not timely asserted, a party is not required to make a contemporaneous
objection to the imposition of an illegal sentence. Id. (citing Mizell, 119 S.W.3d at
806 n.6). Thus, an appellate court that otherwise has jurisdiction over a criminal
conviction may always notice and correct an illegal sentence. Id. (citing Mizell, 119
S.W.3d at 806). 

 In this case, the trial court admonished Cory as to the consequences of his
guilty pleas, the range of punishment for each offense, and the possibility that the
sentences could run consecutively. Cory acknowledged he understood. On appeal,
he concedes all charged offenses are second-degree felonies. See Tex. Pen. Code Ann.
§§21.11(d) (Vernon 2003), 22.011(f) (Vernon Supp. 2005). He further concedes he
was duly admonished and understood the admonishments. Cory's sentence falls in
the range of punishment for a second degree felony. See Tex. Pen. Code Ann. §
12.33(a) (Vernon 2003) (A felony of the second degree is punishable by a term of
imprisonment for a term of not more than twenty years or less than two years, with
a fine not to exceed $ 10,000.). The sentence imposed was within the applicable
range of punishment and, thus, not illegal. Mizell, 119 S.W.3d at 806.

 Moreover, because the sentence falls within the range of punishment, it is not
cruel and unusual. See Samuel v. State, 477 S.W.2d 611, 614 (Tex. Crim. App.
1972). Further, the sentence is not a grossly disproportionate sentence in light of the
stipulated and testimonial evidence presented as to the numerous offenses against
children, and so no constitutional violation occurred. See Solem v. Helm, 463 U.S.
277, 289 (1983); McGruder v. Puckett, 954 F.2d 313, 315-16 (5th Cir. 1992)
(discussing the various opinions issued in Harmelin v. Michigan, 501 U.S. 957 (1991)
and their impact on the Solem decision). Finally, the cumulation of sentences does not
constitute cruel and unusual punishment. Smith v. State, 667 S.W.2d 534, 538 (Tex.
Crim. App. 1984). 


Conclusion

 We overrule Cory's two points of error and affirm the trial court judgment. 

 ERRLINDA CASTILLO

 Justice

Do not publish.

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed

this 3rd day of August, 2006.
1. Cory pleaded guilty to a total of sixteen counts of sexual assault of a child and one count of
indecency with a child. Cory judicially confessed that computer chat rooms led him to the minor
victims.