OPINION

 

No. 04-10-00531-CR

 

Peter Frederick WISSER,

Appellant

 

v.

 

The STATE of
Texas,

Appellee

 

From the 144th
Judicial District Court, Bexar County, Texas

Trial Court No. 1983CR2991

Honorable Catherine
Torres-Stahl, Judge Presiding

 

Opinion by:   Sandee Bryan Marion, Justice

 

Sitting:                     Catherine Stone, Chief Justice

                     Sandee
Bryan Marion, Justice

                     Rebecca
Simmons, Justice

 

Delivered and
Filed:  May 4, 2011

 

AFFIRMED

 

Appellant,
Peter Frederick Wisser, appeals from the trial court’s order revoking his
probation and sentencing him to eight years’ confinement.  We affirm.

BACKGROUND

           In
1984, a Bexar County jury convicted appellant of burglary of a habitation with
intent to commit rape and assessed a $10,000 fine and ten years’ confinement. 
Upon the jury’s recommendation, the trial court suspended appellant’s sentence
and assessed ten years’ probation, during which appellant would be permitted to
reside in Dallas County and report to a Dallas County probation officer.  In
1986, after appellant failed to meet the requirements of his probation, a Bexar
County court issued a capias warrant for his arrest.  

Texas authorities were
unable to locate appellant for twenty years.  On April 18, 2006, authorities
found appellant in Idaho, where he was incarcerated for felony misappropriation
of personal identifying information.  On April 19, 2010, when appellant completed
his sentence in Idaho, Texas authorities arrested and returned him to Bexar
County.  

On July 9, 2010, a Bexar
County court held a probation revocation hearing.  At the beginning of the
hearing, appellant made a speedy trial objection and claimed the State unfairly
waited four years after finding him in prison in Idaho to commence the
probation revocation hearing.  The trial court entertained brief arguments on
the issue and overruled appellant’s objection.  During the hearing, appellant’s
Dallas County probation officer did not testify, but a Bexar County probation
officer testified to the contents of appellant’s probationary records, which
were admitted into evidence.  Appellant objected to the testimony and to
admission of the records on the ground that the probationary records were
testimonial and presentation of the records by someone other than the Dallas
County probation officer violated appellant’s rights under the Confrontation
Clause of the Sixth Amendment.  The court overruled appellant’s objections.  At
the conclusion of the hearing, the court found appellant failed to make
supervisory fee and fine payments as required under the terms of his
probation.  The court revoked appellant’s probation and sentenced him to eight
years’ confinement.  

CRAWFORD/CONFRONTATION

           In his first and third issues,
appellant argues the contents of his probationary records were testimonial in
nature; therefore, because he was not able to confront and cross-examine his
Dallas County probation officer at the probation revocation hearing, he
contends admission of the records violated his rights under the Confrontation
Clause of the Sixth Amendment as enunciated in Crawford v. Washington,
541 U.S. 36 (2004).  Also, appellant argues the Bexar County probation officer
should not have been permitted to testify to the contents of the probationary
records because the records are testimonial.

In Crawford, the
U.S. Supreme Court held that out-of-court statements that are “testimonial” in
nature are barred by the Confrontation Clause of the Sixth Amendment unless (1)
the out-of-court declarant is unavailable to testify, and (2) the defendant had
a prior opportunity to cross-examine the out-of-court declarant.  Id. at
53–54.  In Diaz, a panel of this court reviewed the applicability of Crawford
and the Confrontation Clause of the Sixth Amendment to probation revocation
hearings as a matter of first impression.  Diaz v. State, 172 S.W.3d
668, 669 (Tex. App.—San Antonio 2005, no pet.).  We held that Crawford does
not apply to probation revocation proceedings for the following reasons.  Id.
at 670; see also Mauro v. State, 235 S.W.3d 374, 376 (Tex.
App.—Eastland 2007, pet. ref’d) (holding same); Trevino v. State, 218
S.W.3d 234, 239 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (holding same);
Smart v. State, 153 S.W.3d 118, 121 (Tex. App.—Beaumont 2005, pet. ref’d)
(holding same).

The Confrontation Clause
of the Sixth Amendment explicitly applies to “criminal prosecutions.”  U.S. Const. amend. VI (“In all
criminal prosecutions, the accused shall enjoy the right . . . to be
confronted with the witnesses against him . . . .” (emphasis added)).  In Morrissey,
the United States Supreme Court held “the revocation of parole is not part
of a criminal prosecution and thus the full panoply of rights due a
defendant in such a proceeding does not apply to parole revocations.”  Morrissey
v. Brewer, 408 U.S. 471, 480 (1972) (emphasis added); see also Hill v.
State, 480 S.W.2d 200, 202–03 (Tex. Crim. App. 1971) (“A probation
revocation hearing is not an adversarial proceeding, a civil action, or a
criminal prosecution . . . instead, it is administrative in nature, a means of
protecting society and rehabilitating lawbreakers.” (internal citations
omitted)).  The Morrissey Court explained: 

Parole
arises after the end of the criminal prosecution, including imposition of
sentence.  Supervision is not directly by the court but by an administrative
agency, which is sometimes an arm of the court and sometimes of the executive. 
Revocation deprives an individual, not of the absolute liberty to which every
citizen is entitled, but only of the conditional liberty properly dependent on
observance of special parole restrictions. 

 

Morrissey, 408 U.S. at 480.  Therefore, because
probation revocation is not a stage of a criminal prosecution, Crawford does
not apply.  Diaz, 172 S.W.3d at 670.  Accordingly, we overrule
appellant’s first and third issues.

SPEEDY
TRIAL

           In his second issue, appellant
complains he was denied the right to a speedy trial because the State waited
four years after locating him in prison in Idaho before prosecuting the motion
to revoke his probation.  In response, the State argues—for the same reasons
discussed above—that the Sixth Amendment right to a speedy trial does not apply
to appellant’s probation revocation hearing.  However, both the Court of
Criminal Appeals and the Texas Supreme Court have held that the Sixth Amendment
and the Texas Constitution guarantee the right to a speedy trial in probation revocation
hearings.  Carney v. State, 573 S.W.2d 24, 26 (Tex. Crim. App. 1978) (en
banc); Fariss v. Tipps, 463 S.W.2d 176, 178 (Tex. 1971) (original
proceeding).  In Fariss, a prisoner in Virginia sought a writ of
mandamus to compel a Texas court to make a speedy disposition of his Texas
probation revocation hearing.  Fariss, 463 S.W.2d at 178.  The Texas
Supreme Court acknowledged the Court of Criminal Appeals decisions holding that
probation revocation hearings are not the type of “criminal prosecutions” in
which a defendant would be entitled to a Sixth Amendment-guaranteed impartial
jury and stated, “[W]e may assume that those cases are correctly decided.”  Id.
(citing Hood v. State, 458 S.W.2d 662 (Tex Crim. App. 1970); Wilson
v. State, 240 S.W.2d 774 (1951)).  However, the Court then stated,
“The Court of Criminal Appeals definitely has Not held, however, that a
defendant does not have a right to a public trial or a speedy trial in a
probation revocation proceeding; and, the question being an open one, we should
not hesitate to hold that these rights may be demanded in such a proceeding.”  Id.
(emphasis in original).  Since the Fariss decision, the Court
of Criminal Appeals has repeatedly held probationers are entitled to a speedy
probation revocation hearing.  Carney, 573 S.W.2d at 26; Ross v.
State, 523 S.W.2d 402, 404 (Tex. Crim. App. 1975); McClure v. State,
496 S.W.2d 588, 589 (Tex. Crim. App. 1973); Hilts v. State, 476 S.W.2d
283, 284 (Tex. Crim. App. 1972); see also Cavazos v. State, No.
04-98-01054-CR, 2000 WL 124911, at *2 (Tex. App.—San Antonio Feb. 2, 2000, no
pet.) (applying speedy trial analysis to probation revocation hearing).  

We note the difference in
the post-Fariss decisions, which apply the Sixth Amendment speedy trial
right to probation revocation hearings, with the line of Crawford/Confrontation
Clause cases, which hold the Sixth Amendment right to confront and
cross-examine does not apply to probation revocation hearings because such
hearings are not “criminal prosecutions” subject to the Sixth Amendment. 
However, the post-Fariss decisions make it clear that probationers are
entitled to a speedy probation revocation hearing under both the Sixth
Amendment and the Texas Constitution.  Therefore, in light of the decisions of
the higher courts of this state, we must conclude the Sixth Amendment right to
speedy trial applies to appellant’s probation revocation hearing, and we turn
to a speedy trial analysis.  

To determine whether
appellant was denied a speedy trial, we apply the Barker balancing test,
which requires consideration of the following non-exclusive factors: (1) the
length of the delay; (2) the reason for the delay; (3) the defendant’s
assertion of the right; and (4) the prejudice to the defendant resulting from
the delay.  Carney, 573 S.W.2d at 26–27 (citing Barker v. Wingo,
407 U.S. 514, 530 (1972)); see also Cantu v. State, 253 S.W.3d 273, 280
n.16 (Tex. Crim. App. 2008) (although right to speedy trial under Texas
Constitution exists independently of Sixth Amendment guarantee, both claims are
analyzed using Barker factors).  Once the Barker test is
triggered, we analyze the speedy trial claim by weighing the strength of the
factors and balancing them in light of the parties’ conduct.  Cantu, 253
S.W.3d at 281.  In doing so, we review the trial court’s implicit fact findings
for abuse of discretion, and we review legal findings de novo.  Id. at
282.

A.   Length
of the Delay

Both appellant and the
State agree there was a four-year delay between the time Texas authorities
found appellant in custody in Idaho and the date of the probation revocation
hearing in Bexar County.  Because four years is an unusually lengthy delay in a
probation revocation case, the Barker analysis is triggered.

B.   Reason
for the Delay

The only reason for the
delay was appellant’s incarceration in Idaho, and Texas authorities immediately
returned appellant to Bexar County following his release.  Because appellant’s
incarceration was a valid reason for the delay, we do not weigh this factor
against the State at all.  See State v. Munoz, 991 S.W.2d 818, 822 (Tex.
Crim. App. 1999) (en banc) (a valid reason for delay is not weighed against the
State).  

C.   Timeliness
of Asserted Claim

A defendant is
responsible for asserting his right to a speedy trial, but failure to do so
does not waive his right and is not necessarily dispositive of his speedy trial
claim.  Id. at 825.  Under a Barker analysis, a defendant’s
failure to assert his right to a speedy trial will only make it more difficult to
prove that he was denied a speedy trial.  Id.; see also Dragoo v.
State, 96 S.W.3d 308, 314–15 (Tex. Crim. App. 2003) (defendant “quietly
acquiesced” to delay of three and one-half years by failing to assert speedy
trial right until day before trial).  In this case, appellant did not assert
his right to a speedy trial until the probation revocation hearing commenced. 
Therefore, this factor weighs against appellant.

D.   Prejudice


Prejudice to a defendant
is assessed in light of the following interests: “(1) preventing oppressive
pretrial incarceration, (2) minimizing anxiety and concern of the accused, and
(3) limiting the possibility that the defense will be impaired.”  Munoz,
991 S.W.2d at 826.  Here, appellant offered no evidence of prejudice
when he first raised his speedy trial claim during the probation revocation
hearing, and he makes no argument regarding prejudice on appeal.  Because there
is no evidence appellant was prejudiced by the delay, we conclude the fourth
factor weighs against finding a speedy trial violation.

On balance, we conclude
appellant’s right to a speedy probation revocation hearing was not violated.  

CONCLUSION

We overrule appellant’s
issues on appeal and affirm the trial court’s order.

 

Sandee Bryan Marion, Justice

 

PUBLISH