# NO. 12-12-00314-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JEREMY JEROME SHEDD,*<br>*APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Jeremy Jerome Shedd appeals his conviction for burglary of a habitation. The trial court assessed a ten year sentence. In two issues, Appellant contends the trial court erred in denying his motion to dismiss and he was denied the right to a speedy trial. We affirm.

## BACKGROUND

On July 26, 2010, Appellant entered a plea of guilty to the offense of burglary of a habitation, and the trial court sentenced him to ten years of imprisonment. Five months later, the trial court rendered an order suspending the ten year sentence, granting shock community supervision for a term of ten years. On May 13, 2011, Appellant was arrested and incarcerated in Cherokee County for public intoxication, disorderly conduct, and interference with the duties of a police officer. On November 14, 2011, the State filed a motion to revoke community supervision in the Anderson County burglary case, and a capias was issued for Appellant's arrest.

On January 18, 2012, Appellant filed a pro se motion entitled "Notice and Clearance of Release Pursuant to TEX. C. CR. PROC. Art. 42.08." In the motion, he alleged that the trial court had transferred his burglary case to Cherokee County and his sentence in that case is to run

concurrently with the sentence in the Cherokee County case.   Therefore, he argued that any holds or warrants placed against him concerning the Anderson County case would violate his double jeopardy protections.   The November 14, 2011 capias was executed on July 13, 2012, at the state jail facility where Appellant had been incarcerated.

Appellate counsel was appointed on July 24, and he filed "Defendant's Assertion of Right to a Speedy Trial" on August 9, 2012.   On August 17, counsel filed a motion to dismiss for denial of Appellant's right to a speedy trial alleging that more than nine months had elapsed since the filing of the motion to revoke and the issuance of the alias capias, with no justification for the delay.   He argued that Appellant suffered irreconcilable prejudice and substantial anxiety and concern.

A hearing was held on August 24, 2012, at which the court heard testimony in support of the motion to dismiss.   The trial court denied the motion.   After additional testimony, the trial court revoked Appellant's community supervision and sentenced him to ten years of imprisonment.

## THE RIGHT TO A SPEEDY TRIAL

In his first and second issues, Appellant asserts the trial court erred in denying his motion to dismiss because his right to a speedy trial was violated.   He complains of a nine month delay, arguing that the State gave no reason for the delay, he made it known in January 2012 that he wanted his case resolved, and the delay caused him stress and worry.

### Applicable Law and Standard of Review

The Sixth Amendment to the United States Constitution, and article one, section ten of the Texas Constitution, guarantee an accused the right to a speedy trial.   *Cantu v. State*, 253 S.W.3d 273, 280 & n.16 (Tex. Crim. App. 2008).   That right is applicable to community supervision revocation proceedings.   *Carney v. State*, 573 S.W.2d 24, 26 (Tex. Crim. App. 1978).   A delay that is unreasonable enough to be "presumptively prejudicial" will trigger a speedy trial inquiry. *Cantu*, 253 S.W.3d at 281.   We analyze speedy trial claims on an ad hoc basis by weighing and then balancing four factors: (1) length of the delay, (2) reason for the delay, (3) assertion of the right, and (4) prejudice to the accused.   *Id*. at 280.   While the State has the burden of justifying the length of delay, the defendant has the burden of proving the assertion of the right.   *Id*.   When

an accused has made a prima facie showing of prejudice, such as the presumption of prejudice based on the length of the delay, the State must carry the obligation of proving that the accused suffered no serious prejudice beyond that which ensued from the ordinary and inevitable delay. *Doggett v. United States*, 505 U.S. 647, 658, 112 S. Ct. 2686, 2694, 120 L. Ed.2d 520 (1992); *Ex parte McKenzie*, 491 S.W.2d 122, 123 (Tex. Crim. App. 1973).

Courts must analyze the speedy trial claim by first weighing the strength of each of the four factors and then balancing their relative weights in light of the conduct of both the prosecution and the defendant. *Cantu*, 253 S.W.3d at 281. The four factors are related and must be considered together along with any other relevant circumstances. *Id*. The greater the State's bad faith or official negligence and the longer its actions delay a trial, the less a defendant must show actual prejudice or prove diligence in asserting his right to a speedy trial. *Id*. at 280-81.

In reviewing the trial court's ruling on a speedy trial claim, we apply a bifurcated standard of review: an abuse of discretion standard for the factual components, and a de novo standard for the legal components. *Id*. at 282. Review of the individual factors necessarily involves fact determinations and legal conclusions, but the balancing test as a whole is a purely legal question. *Id*. Under the abuse of discretion standard, appellate courts defer not only to a trial court's resolution of disputed facts, but also to its right to draw reasonable inferences from those facts. *Id*. The trial court may completely disregard a witness's testimony, based on credibility and demeanor evaluations, even if that testimony is uncontroverted. *Id*. The trial court may disbelieve any evidence so long as there is a reasonable and articulable basis for doing so. *Id*. And all of the evidence must be viewed in the light most favorable to its ultimate ruling. *Id*.

**Analysis**

*Length of Delay*

A defendant's right to a speedy trial does not attach until the motion to revoke community supervision is filed. *Martinez v. State*, 531 S.W.2d 343, 345 (Tex. Crim. App. 1976). Here, the motion to revoke community supervision was filed on November 14, 2011, and a hearing was held on August 24, 2012, a delay of just over nine months. The State concedes this delay is presumptively prejudicial and triggers a speedy trial analysis. *See Harris v. State*, 827 S.W.2d 949, 956 (Tex. Crim. App. 1992) (cited to authority explaining that courts generally hold that any delay of eight months or longer is presumptively unreasonable and triggers speedy trial analysis);

*see also* **Doggett**, 505 U.S. at 652 n.1, 112 S. Ct. at 2691 (noting that lower courts have generally found delay presumptively prejudicial at least as it approaches one year).

*Reason for Delay*

No testimony was presented explaining the reason for the delay. The record shows that, at the time the motion to revoke was filed and the capias was issued in Anderson County, Appellant was incarcerated in state jail on the Cherokee County offenses. On July 13, 2012, the capias was executed at the state jail facility where Appellant was incarcerated. He was arrested and taken to Anderson County for resolution of this case. Based on the record, it appears the only reason for the delay was Appellant's incarceration. The State argues that this is a valid reason for delay and therefore we should not weigh this factor against the State. The State relies on **Wisser v. State**, 350 S.W.3d 161 (Tex. App.–San Antonio 2011, no pet.). There, the court held that Wisser's incarceration in Idaho was a valid reason for the delay. **Id**. at 165. We decline to follow **Wisser**. We note that the legislature has anticipated the potential of a speedy trial issue arising when defendants, against whom there is a Texas complaint pending, are residing in a correctional institution in another jurisdiction. *See* TEX. CODE CRIM. PROC. ANN. art. 51.14 (West 2006) (Interstate Agreement on Detainers Act encourages the expeditious disposition of charges against persons already incarcerated in other jurisdictions).

Furthermore, and more to the point, it is well established that a defendant incarcerated on another charge is entitled to the same speedy trial rights as a defendant on bail. **Chapman v. Evans**, 744 S.W.2d 133, 136 (Tex. Crim. App. 1988) (orig. proceeding). The defendant's status as a prisoner can neither prejudice his speedy trial rights nor serve as a justification for delay on the part of the State. **Id**. Additionally, as stated above, the State did not present evidence of a reason for the delay. This court, without a valid reason for the delay, may not presume a deliberate attempt on the part of the State to prejudice Appellant nor a valid reason for the delay. *See* **Dragoo v. State**, 96 S.W.3d 308, 314 (Tex. Crim. App. 2003). Hence, this factor weighs in favor of finding a violation of Appellant's right to a speedy trial, but not heavily. *See* **Rodriquez v. State**, 227 S.W.3d 842, 843 (Tex. App.–Amarillo 2007, no pet.).

*Assertion of the Right*

Appellant contends that his Notice and Clearance of Release Pursuant to Code of Criminal Procedure Article 42.08 constituted an assertion of his right to a speedy trial. That document was

4

filed January 18, 2012, two months after the motion to revoke was filed. However, that document does not mention the motion to revoke or the right to a speedy trial. Appellant asked the Anderson County trial court to "acknowledge that it transferred" defendant's "Probation of Burglary" case to Cherokee County "into cause no. 17699 to run concurrent with the theft charge therein that county pursuant to Article 42.08 of the Texas Code of Criminal Procedure." Therefore, he argued, "no warrants or holds can legally be placed against him upon his release from the Bradshaw State Jail because he has served concurrent custody time on these sentences." He goes on to argue that any warrants or holds placed against him concerning these two cases would violate double jeopardy. It is clear from Appellant's argument that he is not urging the court to quickly hear his burglary case. He is under the impression that it has been heard and his time spent in Bradshaw satisfies a sentence in the burglary case as well as the sentence in the case out of Cherokee County. This document cannot be treated as an assertion of the right to a speedy trial. Furthermore, Appellant conceded at the hearing that the first time he asserted his right to a speedy trial was on August 9, 2012, when his counsel filed the assertion on his behalf.

Accordingly, Appellant's assertion of the right to a speedy trial was filed August 9, 2012, just two weeks before the hearing on the motion to revoke. Further, on August 17, Appellant filed a motion to dismiss based on the denial of his right to a speedy trial. Filing for a dismissal instead of a speedy trial will generally weaken a speedy trial claim because it shows a desire to have no trial instead of a speedy one. *Cantu*, 253 S.W.3d at 283. The motion to dismiss was filed just one week before the hearing on the motion to revoke. We note also that the hearing was originally set for August 20 and moved to August 24. We conclude that the "assertion of the right" factor weighs against Appellant.

### Prejudice to the Accused

When a court analyzes the prejudice to the defendant, it must do so in light of the defendant's interests that the speedy trial right was designed to protect: to prevent oppressive pretrial incarceration, to minimize the accused's anxiety and concern, and limit the possibility that the accused's defense will be impaired. *Cantu*, 253 S.W.3d at 280. Without elaboration, Appellant asserts in his brief that the nine month delay caused him stress and worry. At the hearing, he testified that he was harmed because his sentence in the burglary case will not run concurrently with the eighteen month sentence he just served. He also stated that jail is not

pleasant and it caused him stress, and that he was worried that he would be released and then told to go right back to jail.

The possibility of oppressive pretrial incarceration is not involved in this case since Appellant was in jail on another charge, and Appellant does not claim that his defense was impaired. *See Carney*, 573 S.W.2d at 27. Further, evidence of generalized anxiety, though relevant, is not sufficient proof of prejudice, especially when it is no greater anxiety or concern beyond the level normally associated with a criminal charge or investigation. *Cantu*, 253 S.W.3d at 286. Regarding Appellant's desire to have his sentences run concurrently, there is no right to a concurrent sentence; whether punishment will run concurrently is within the discretion of the trial judge. *Carney*, 573 S.W.2d at 27. After Appellant's community supervision was revoked, the trial court sentenced him to ten years of imprisonment but credited him with 615 days served. That included the time he served before being placed on community supervision and the time period from the date the motion to revoke was filed to the date of the revocation hearing. So, in effect, to the extent possible, the sentence in the burglary case ran concurrently with the sentence in the Cherokee County case. *See id*. Thus, the presumption of prejudice resulting from the delay is rebutted.

### *Balancing*

Because Appellant was unsuccessful in the trial court on his motion to dismiss and speedy trial claim, we presume that the trial court resolved any disputed fact issues in the State's favor, and we defer to the implied findings of fact that the record supports. *Cantu*, 253 S.W.3d at 282. The delay here was relatively short and just over the minimum required to automatically trigger a speedy trial analysis. Weighing in favor of finding a violation of Appellant's speedy trial right are the facts that the delay was presumptively prejudicial and the State did not provide a valid reason for the delay. Weighing against finding a violation of Appellant's right to a speedy trial are the facts that he failed to assert his right until just before the scheduled hearing on the motion to revoke, almost the full nine month delay period, and the State rebutted Appellant's assertion of prejudice resulting from the delay. We hold that the weight of the four factors, balanced together, is against finding a violation of Appellant's right to a speedy trial. *See Shaw v. State*, 117 S.W.3d 883, 891 (Tex. Crim. App. 2003). We overrule Appellant's first and second issues.

6

<u>**DISPOSITION**</u>

The trial court did not abuse its discretion in denying Appellant's motion to dismiss based on an alleged violation of his right to a speedy trial. Accordingly, we *affirm* the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered July 17, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS
# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS
# JUDGMENT

**JULY 17, 2013**

**NO. 12-12-00314-CR**

**JEREMY JEROME SHEDD,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 3rd Judicial District Court

of Anderson County, Texas. (Tr.Ct.No. 30126)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

8

# THE STATE OF TEXAS
# M A N D A T E

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**TO THE 3RD DISTRICT COURT of ANDERSON COUNTY, GREETING:**

Before our Court of Appeals for the 12th Court of Appeals District of Texas, on the 17th day of July, 2013, the cause upon appeal to revise or reverse your judgment between

**JEREMY JEROME SHEDD, Appellant**

**NO. 12-12-00314-CR; Trial Court No. 30126**

Opinion by Brian Hoyle, Justice.

**THE STATE OF TEXAS, Appellee**

was determined; and therein our said Court made its order in these words:

"THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be in all things affirmed, and that this decision be certified to the court below for observance."

**WHEREAS, WE COMMAND YOU** to observe the order of our said Court of Appeals for the Twelfth Court of Appeals District of Texas in this behalf, and in all things have it duly recognized, obeyed, and executed.

**WITNESS, THE HONORABLE JAMES T. WORTHEN**, Chief Justice of our Court of Appeals for the Twelfth Court of Appeals District, with the Seal thereof affixed, at the City of Tyler, this the _____ day of _____, 201\_\_\_\_.

CATHY S. LUSK, CLERK

By:_____
    Deputy Clerk

9