**Opinion filed April 17, 2014**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-12-00240-CR & 11-12-00241-CR

_____

## ROBERT STEVEN DUDLEY, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 244th District Court**

**Ector County, Texas**

**Trial Court Cause Nos. C-38,861 & C-38,862**

## M E M O R A N D U M   O P I N I O N

Robert Steven Dudley entered an open plea of guilty to two offenses of escape. The trial court found Appellant guilty in each case, assessed punishment in each case at confinement for twenty years, and ordered the sentences to run concurrently with each other but consecutively to the sentences that Appellant received in three prior robbery convictions. In a single issue on appeal in each

case, Appellant maintains that the sentence that was assessed constituted cruel and unusual punishment. We affirm.

A short recitation of Appellant's criminal history as reflected in the record is important to our analysis in this case. Appellant had multiple prior felony convictions. He had been convicted for felony credit card abuse, and he had also been convicted for felony unauthorized use of a motor vehicle. Additionally, Appellant had three convictions for offenses committed in 2008: one for the second-degree felony offense of robbery and two for the first-degree felony offense of aggravated robbery. For those offenses, Appellant was sentenced to confinement for fifteen years, thirty-six years, and ninety-nine years, to run concurrently. After he had been convicted of two of the robberies and was serving those sentences, Appellant committed the offenses at issue in this court when he escaped from custody on January 29, 2011, and when he escaped again on March 5, 2011. In his sole issue on appeal, Appellant argues that his "stacked" punishment was cruel and unusual in violation of the Eighth and Fourteenth Amendments to the United States Constitution and Article I, section 13 of the Texas constitution.

We will not disturb a trial court's punishment decision "absent a showing of abuse of discretion and harm." *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). Generally, a sentence is not cruel, unusual, or excessive if it falls within the range of punishment authorized by statute. *Id.* Even if a sentence falls within the statutory range for that crime, however, it must be proportional to the crime. *Solem v. Helm*, 463 U.S. 277, 290 (1983). "Outside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare." *Rummel v. Estelle*, 445 U.S. 263, 272 (1980).

The Eighth Amendment prohibits punishments that are "grossly disproportionate" to the offense for which the defendant has been convicted.

2

*Bradfield v. State*, 42 S.W.3d 350, 353 (Tex. App.—Eastland 2001, pet. ref'd) (citing *Harmelin v. Michigan*, 501 U.S. 957 (1991)). To evaluate the proportionality of a sentence, the first step is to make a threshold comparison between the gravity of the offense and the severity of the sentence. *Bradfield*, 42 S.W.3d at 353. If grossly disproportionate, we must then compare Appellant's sentence with the sentences received for similar crimes in this jurisdiction or sentences received in other jurisdictions. *Id.*

Appellant concedes that his sentences were within the statutory range of punishment and that "the trial court had the authority to stack" those sentences. However, he argues that his sentences were grossly disproportionate "because of his age[] and the total length of the sentence." According to Appellant, "[i]f all of the sentences are upheld, the Appellant will be sentenced to a total 119 years in prison." Appellant asserts that he was forty years old at the time of sentencing and that, because he will not be eligible for release on parole from his 99-year sentence for at least thirty years, "[Appellant] will be 70 years old" when he begins serving his sentences for escape.

Appellant's argument focuses solely on the length of confinement and fails to compare the sentences to the gravity of the offense of escape. Additionally, Appellant relies on the sentences from his prior convictions to argue that his sentences are disproportionate without also comparing the gravity of those other offenses. Appellant's main contention is that his sentences are grossly disproportionate "because of the total number of years [he] received."

The legislature vested trial courts with the discretion to order either that the sentences run concurrently or that a subsequent sentence begins to run when a prior sentence is concluded. TEX. CODE CRIM. PROC. ANN. art. 42.08(a) (West Supp. 2013). The Court of Criminal Appeals has explained that "[t]here is no 'right' to a concurrent sentence; whether punishment will run concurrently or cumulatively is

within the discretion of the trial judge." *Carney v. State*, 573 S.W.2d 24, 27 (Tex. Crim. App. 1978).

After being convicted of robbery and aggravated robbery and sentenced to confinement for fifteen years and thirty-six years respectively, Appellant escaped from custody twice. Before Appellant was convicted and sentenced for the two offenses of escape, he was convicted for yet another offense of aggravated robbery and sentenced to confinement for ninety-nine years. The offense of escape is a third-degree felony, TEX. PENAL CODE ANN. § 38.06 (West Supp. 2013), and each escape offense was enhanced to a second-degree felony by Appellant's prior felony conviction for unauthorized use of a motor vehicle, *see id.* § 12.42(a). As enhanced, the range of punishment prescribed by the legislature for each offense of escape is confinement for two to twenty years and up to a $10,000 fine. *See id.* § 12.33 (West 2011). Although Appellant's twenty-year sentence is at the top of the range, the trial court did not assess a fine, and Appellant will serve the sentences for each escape offense concurrently. Had Appellant only committed the offense of escape, he could have been sentenced to no more than twenty years. *See id.* § 38.06. It is because of Appellant's prior felony convictions that he now faces imprisonment for up to 119 years.

It is important to note that Appellant does not challenge the constitutionality of the habitual offender statute, and he does not challenge the classification of certain offenses as felonies. The United States Supreme Court has explained that the purpose of a "recidivist statute" is to "deter repeat offenders and, at some point in the life of one who repeatedly commits criminal offenses serious enough to be punished as felonies, to segregate that person from the rest of society for an extended period of time." *Rummel*, 445 U.S. at 284. We further note that Appellant does not challenge the constitutionality of the statute that vests the trial court with discretion to stack his sentences. *See* CRIM. PROC. art. 42.08. Instead,

4

Appellant attacks the result of applying these concededly valid statutes to the facts present here. The Supreme Court has recognized that life imprisonment for overtime parking would be grossly disproportionate but that "for crimes concededly classified and classifiable as felonies, that is, as punishable by significant terms of imprisonment in a state penitentiary, the length of the sentence actually imposed is purely a matter of legislative prerogative." *Rummel*, 445 U.S. at 274.

After reviewing the record, we cannot say that the trial court's decision to impose consecutive sentences results in grossly disproportionate punishment for the offenses for which Appellant was convicted. Although we need not reach the next step in the analysis, we note that there is no evidence in the record by which we can compare the result in these cases with others in the same jurisdiction or with the sentences imposed in other jurisdictions for similar offenses. Thus, we conclude that consecutive sentences under these facts do not constitute cruel and unusual punishment in violation of the United States and Texas Constitutions. Appellant's sole issue in each case is overruled.

We affirm the judgments of the trial court.


JIM R. WRIGHT
CHIEF JUSTICE


April 17, 2014

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

5