**Affirmed and Opinion Filed May 12, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-00371-CR

**GEORGE GUO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 363rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F90−20083−W**

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Lewis
Opinion by Justice Francis

George Guo appeals the trial court's order revoking his probation and assessing punishment at eight years in prison. In two issues, appellant contends he was denied the right to a speedy trial and insufficient evidence exists to support the order that he pay $50 in court costs. We affirm.

On November 5, 1991, appellant entered a negotiated plea of guilty to the offense of burglary of a habitation. The trial court sentenced him to ten years in prison, with shock probation to be granted after ninety days, and assessed a fine of $750. On February 28, 1992, the trial court suspended sentence and placed appellant on probation for ten years. In June 1999, appellant was arrested in Fort Bend County for burglary of a habitation and assault of a public servant. Alleging these two Fort Bend County offenses as violations, the State filed a motion to

revoke appellant's probation on July 23, 1999, and a capias was issued for appellant's arrest three days later.

Following his arrest, appellant remained in the Fort Bend County jail from 1999 until 2003. In late 2002, appellant pleaded guilty to another Fort Bend County offense, burglary of a habitation with intent to commit sexual assault offense, and was sentenced to fourteen years in prison. Under the terms of the plea agreement, the original two Fort Bend County offenses alleged in the Dallas County motion to revoke probation were dismissed. Despite Dallas County bench warrants dated February 10, April 21, and June 30, 2003, appellant was not returned to Dallas County; he was then transferred to the Texas Department of Criminal Justice.

On December 12, 2012, thirteen and one-half years after the original capias, a bench warrant was issued, and appellant was returned to Dallas County. Six days later, he filed a pro se motion for a speedy revocation hearing "as an alternative" to his motion to dismiss the State's revocation of probation. Appellant stated he was serving a fourteen-year sentence out of Fort Bend County and was to be discharged June 26, 2013. He requested the trial court appoint counsel to represent him in the revocation.

Counsel was appointed on January 4, 2013, and ten days later, filed a "motion to dismiss proceedings and to discharge defendant" specifically asking for a hearing within 20 days and for dismissal based on constitutional speedy trial violations. At a hearing on January 18, the court heard testimony on appellant's motion to dismiss. Appellant and the State addressed the four *Barker v. Wingo* factors.[1] After making findings on the record, the trial court denied the motion. At the February 12, 2013 hearing on the motion to revoke , new counsel appeared for appellant, and the trial court allowed appellant to reopen testimony and present additional evidence on the motion to dismiss. The motion was again denied. Appellant then entered a plea of true to the

---

[1] *Barker v. Wingo*, 407 U.S. 514, 530−34 (1972).

motion to revoke that alleged only the two 1999 dismissed Fort Bend County charges as violations. The trial court revoked appellant's probation and sentenced him to eight years in prison, giving him credit for thirteen and one-half years back time (from July 27, 1999 to February 12, 2013).

In his first issue, appellant asserts the trial court erred by denying his motion to dismiss because his constitutional right to a speedy trial was violated. He complains the probation revocation hearing did not occur until thirteen and one-half years after the State filed the motion to revoke and the State gave no reason for the presumptively prejudicial delay. Appellant contends the trial court should have dismissed the State's motion to revoke probation because three of the four *Barker* factors considered in a speedy trial analysis weigh in his favor.

In reviewing the trial court's ruling on appellant's federal constitutional speedy trial claim, we apply an abuse of discretion standard for the factual components and a de novo standard for the legal components. *Zamorano v. State*, 84 S.W.3d 643, 648 (Tex. Crim. App. 2002). The trial court denied appellant's motion; therefore, we presume the trial court resolved any disputed fact issues in the State's favor and defer to the implied findings of fact that the record supports. *Id*. Because most of the facts are undisputed, the primary issue in this case involves the legal significance of these facts to appellant's claim.

In the context of a probation violation, a defendant's right to a speedy trial attaches when the motion to revoke is filed. *Martinez v. State*, 531 S.W.2d 343, 345 (Tex. Crim. App. 1976). State courts analyze federal constitutional speedy trial claims under the guidelines outlined in *Barker v. Wingo* and we consider four factors: (1) the length of the delay, (2) the State's reason for the delay, (3) the defendant's assertion of the right, and (4) the prejudice to the defendant resulting from the delay. *See Barker*, 407 U.S. at 531; *Cantu v. State*, 253 S.W.3d 273, 280 (Tex. Crim. App. 2008). No single factor is necessary or sufficient to show a violation of the

–3–

right to a speedy trial, although the length of the delay is a "triggering mechanism" for analysis of the other factors. *See Barker*, 407 U.S. at 530, 533. If the delay is "presumptively prejudicial," the State then bears the burden of justifying the delay and the defendant has the burden of proving the assertion of the right and prejudice. *Doggett v. United States*, 505 U.S. 647, 657−58 (1992); *Cantu,* 253 S.W.3d at 280. The defendant's burden of proof "varies inversely" with the State's degree of culpability for the delay—the less culpability the State has in the trial delay, the more a defendant must show actual prejudice or proof of diligence in asserting his speedy trial right. *Cantu,* 253 S.W.3d at 280–81. In evaluating a speedy trial claim, we balance the State's conduct against the defendant's and consider the four factors together, along with any other relevant circumstances. *Barker,* 407 U.S. at 530, 533. While the State has the burden of justifying the delay, the defendant has the burden of proving the assertion of the right and prejudice. *Id.* Dismissal of the charging instrument is mandated only upon a finding that an accused's speedy trial was actually violated. *Strunk v. United States,* 412 U.S. 434, 440 (1973).

Here, the motion to revoke probation was filed on July 23, 1999, and hearings on the motion were held on January 18 and February 12, 2013. The trial court found the delay presumptively prejudicial. The State concedes this issue, and we agree. Because the thirteen-and-one-half year delay weighs significantly against the State, we address the other *Barker* factors. *See State v. Munoz,* 991 S.W.2d 818, 822 (Tex. Crim. App. 1999).

Under the second factor, the State has the initial burden of justifying a lengthy delay. *Emery v. State*, 881 S.W.2d 702, 708 (Tex. Crim. App. 1994). When we consider the State's reasons for the delay, different weights must be assigned to different reasons. *Shaw v. State*, 117 S.W.3d 883, 889 (Tex. Crim. App. 2003). Without a valid reason for the delay, we may presume

neither a deliberate attempt on the part of the State to prejudice appellant nor a valid reason for the delay. *Dragoo v. State*, 96 S.W.3d 308, 314 (Tex. Crim. App. 2003).

During the hearing on appellant's motion to dismiss, the State first argued that when the motion to revoke probation was filed in July 1999, appellant was in the Fort Bend County jail on new charges and remained in jail from 1999 until he pleaded guilty on December 9, 2002. After the trial court took judicial notice of the February 10, April 21, and June 30, 2003 bench warrants seeking appellant's return to Dallas County from prison for revocation proceedings, the State argued this indicated a "good faith effort" to bring appellant to trial and said the bench warrants were not executed "for reasons that are unknown." On appeal, the State contends the delay from 2003 to 2012 was an "administrative error," but that it was not orchestrated to give the State an evidentiary advantage at the revocation hearing and should not be weighed heavily against the State.

We agree that the time appellant spent in Fort Bend County jail awaiting disposition of the new charges should not be held against the State. The only allegations in the State's motion to revoke were the Fort Bend County cases; bringing appellant back to Dallas for a revocation hearing based on felony charges pending in that county would not be reasonable. And, after appellant pleaded guilty to the third Fort Bend County offense, the State did request three bench warrants for appellant in 2003. Thus, we do not hold this time against the State. However, we do not agree with respect to the remaining nine years appellant was serving his sentence in TDCJ. The State gave no valid reason for the nine-year gap between the June 2003 unsuccessful bench warrant and December 2012 successful bench warrant. *See Dragoo*, 96 S.W.3d at 314. Although the trial court stated it did not hold the State responsible for this delay, the record does not support this conclusion. While no evidence shows purposeful dilatory tactics, appellant was in prison serving a fourteen-year sentence, and the State knew where he was. The failure to

secure his presence is official negligence, counts against the State, and weighs in favor of appellant. *Barker*, 407 U.S. at 531; *State v. Jones*, 168 S.W.3d 339, 347−48 (Tex. App.—Dallas 2005, pet. ref'd) (nearly two-year delay in executing warrant when defendant was incarcerated weighs against State).

The third factor is appellant's assertion of the right. *See Dragoo*, 96 S.W.3d at 314. While a defendant has no duty to bring himself to trial, he is responsible for asserting his right to a speedy trial. *Cantu¸* 253 S.W.3d at 282. When and how a defendant asserts this right is closely related to the other three factors because the strength of his efforts will be shaped by them. *Barker,* 407 U.S. at 531. "The more serious the deprivation, the more likely a defendant is to complain." *Id.* Under a *Barker* analysis, a defendant's failure to assert his right to a speedy trial will only make it more difficult to prove that he was denied a speedy trial. *Id.*; *see also Dragoo*, 96 S.W.3d at 314−15. This is because a defendant's lack of a timely demand for a speedy trial indicates strongly he did not really want a speedy trial and was not prejudiced by the lack of one. *Id.* Moreover, the longer the delay, the more likely a defendant wishing for a speedy trial would be able to take some action to obtain it. *Id.* Therefore, inaction weighs more heavily against a violation the longer the delay becomes. *Id.*

We recognize the nature of the speedy trial right makes it impossible to pinpoint a precise time in the process when the right must be asserted or waived, but that fact does not argue for placing the burden of protecting the right solely on defendants. *Barker*, 407 U.S. at 527. The right to a speedy trial is constitutionally guaranteed and is "not to be honored only for the vigilant and the knowledgeable." *Id.* at 528. This does not mean, however that a defendant has no responsibility to assert his right. *Id.* The better rule is that the assertion or failure to assert the right to a speedy trial is one of the factors to be considered in an inquiry into the deprivation of the right. *Id.*

Under this factor, appellant's only argument on appeal is that he did not have actual knowledge of the pending motion to revoke his probation, his "assertion of the right to a speedy trial was not triggered until the State notified him of the formal accusation" by way of service of the motion on January 3, 2013, and his filing of the motion to dismiss on his return to Dallas County in December 2012 was therefore timely. Neither the facts nor the law support appellant's argument.

Appellant testified at the hearing that, in 2002 and 2003, after his conviction in the Fort Bend County case, he was sent to a "transfer facility" to come back to Dallas County on the probation revocation but "waited and waited" and "it didn't happen." He also said his previous two attorneys "did not do anything meaningful to move forward with the revocation" and "we all believed that the State had lost their authority to move forward and therefore we did not assert" the "speedy revocation right," relying instead on the fact that the probation period had "expired." This evidence shows appellant knew he had a pending motion to revoke and had attorneys during this time, but did not assert his right to a speedy trial until 2012 after he was returned to Dallas County. That he waited until he was returned to Dallas to file his pro se motion to dismiss indicates he did not really want a speedy trial despite knowing the motion was pending and despite having counsel at all relevant times. The lengthy delay, during most of which appellant "quietly acquiesced," weighs heavily against appellant. *See Shaw*, 117 S.W.3d at 890 (lengthy delay, during most of which appellant quietly acquiesced, mandated factor weighing very heavily against finding violation of right to speedy trial); *Murphy v. State*, 280 S.W.3d 445, 454 (Tex. App.—Fort Worth 2008, pet. ref'd) (six-year delay did not violate speedy trial where defendant did not assert right until eve of trial and then did so by way of motion to dismiss); *Barringer v. State*, 399 S.W.3d 593, 601−02 (Tex. App.—Eastland 2013, no pet.) (eight-year delay between

–7–

indictment and arrest did not deprive defendant of constitutional speedy trial where he "quietly acquiesced" by subsequent inaction).

The final factor deals with the prejudice resulting from the delay. When we assess prejudice to the defendant, we do so in light of the interests that the speedy trial right was designed to protect: (1) preventing oppressive pretrial incarceration, (2) minimizing anxiety and concern of the accused, and (3) limiting the possibility that the defense will be impaired. *Barker*, 407 U.S. at 532.

The possibility of oppressive pretrial incarceration is not a factor since appellant was in prison serving a fourteen-year sentence on another charge during the thirteen-and-one-half-year delay. *See Kelly v. State*, 163 S.W.3d 722, 730 (Tex. Crim. App. 2005); *Carney v. State*, 573 S.W.2d 24, 27 (Tex. Crim. App. 1978). Evidence of generalized anxiety, though relevant, is not sufficient proof of prejudice, especially when it is no greater anxiety or concern beyond the level normally associated with a criminal charge or investigation. *Cantu*, 253 S.W.3d at 286. Appellant does not claim he was anxious or concerned other than having to "wait and wait" after the resolution of his Fort Bend County cases and not knowing when he was going to be brought back to Dallas for his revocation hearing. Although he told the court he was concerned that being brought back to Dallas County would delay his prospective June 1, 2013 release from prison on the Fort Bend County case and that his sentence in Dallas County could have run concurrently with the Fort Bend County time he was currently serving, these concerns are theoretical at best. Once appellant's probation was revoked, the trial court sentenced him to eight years in prison, but credited him with thirteen and one-half years already served, from July 27, 1999 until February 12, 2013. So, in effect, the sentence in the Dallas County burglary case ran concurrently with the sentence in the Fort Bend County burglary case. *See Carney*, 573 S.W.2d at 27.

Finally, appellant focuses on the "presumption of prejudice" resulting in a lengthy delay and argues it "compromises the reliability of a trial in ways that neither party can prove or even identify." He claims he suffered "actual prejudice" in that "it would be very difficult to find evidence and interview witnesses" from the June 1999 Fort Bend County offenses especially since they "were dismissed on December 9, 2002." The court of criminal appeals has held that a claim of prejudice based on the inability to locate witnesses must be accompanied by a showing "that the witnesses are unavailable, that their testimony might be material and relevant to his case, and that he has exercised due diligence in his attempt to find them and produce them for trial." *Harris v State*, 489 S.W.2d 303, 308 (Tex. Crim. App. 1973). Here, appellant presented no evidence that witnesses could not be found or were unable to testify nor did he establish that other evidence had been lost or destroyed. Likewise, he expressed no concerns about his memory of the allegations in the motion to revoke. Therefore, we conclude the fourth factor weighs against finding a violation of appellant's speedy trial right.

Having addressed the *Barker* factors, we now balance them. The delay here was presumptively prejudicial to trigger a speedy trial analysis. Weighing in favor of finding a violation of appellant's speedy trial right are the facts that the delay was excessive and the State offered no good reason for the delay. Weighing against finding a violation of the right are the facts that appellant knew of the pending motion, was incarcerated on other felony charges during the entire time, failed to assert his right until he was returned to Dallas over thirteen years after the motion to revoke was filed, and failed to demonstrate prejudice. In light of this record, we conclude appellant's right to a speedy probation revocation hearing was not violated. *See Dragoo*, 96 S.W.3d at 316. We overrule appellant's first issue.

In his second issue, appellant contends the evidence is insufficient to support the trial court's judgment that he pay $50 in court costs because the clerk's records do not contain a

–9–

proper written bill of costs. The record before us contains the bill of costs. Appellant's complaints have been previously addressed and rejected. *See Johnson v. State*, 423 S.W.3d 385, 390−96 (Tex. Crim. App. 2014); *Coronel v. State*, 416 S.W.3d 550, 555-56 (Tex. App. –Dallas 2013, pet. ref'd). We overrule appellant's second issue.

We affirm the trial court's judgment.

Do Not Publish
TEX. R. APP. P. 47
131230F.U05

/Molly Francis/
MOLLY FRANCIS
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

GEORGE GUO, Appellant

No. 05-13-00371-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F90-20083-W.
Opinion delivered by Justice Francis,
Justices Lang-Miers and Lewis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 12th day of May, 2014.

/Molly Francis/
MOLLY FRANCIS
JUSTICE