Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


## OPINION

No. 04-10-00531-CR

Peter Frederick **WISSER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 1983CR2991
Honorable Catherine Torres-Stahl, Judge Presiding

Opinion by:     Sandee Bryan Marion, Justice

Sitting:        Catherine Stone, Chief Justice
              Sandee Bryan Marion, Justice
              Rebecca Simmons, Justice

Delivered and Filed:   May 4, 2011

AFFIRMED

Appellant, Peter Frederick Wisser, appeals from the trial court's order revoking his probation and sentencing him to eight years' confinement. We affirm.

### BACKGROUND

In 1984, a Bexar County jury convicted appellant of burglary of a habitation with intent to commit rape and assessed a $10,000 fine and ten years' confinement. Upon the jury's recommendation, the trial court suspended appellant's sentence and assessed ten years'

probation, during which appellant would be permitted to reside in Dallas County and report to a Dallas County probation officer. In 1986, after appellant failed to meet the requirements of his probation, a Bexar County court issued a capias warrant for his arrest.

Texas authorities were unable to locate appellant for twenty years. On April 18, 2006, authorities found appellant in Idaho, where he was incarcerated for felony misappropriation of personal identifying information. On April 19, 2010, when appellant completed his sentence in Idaho, Texas authorities arrested and returned him to Bexar County.

On July 9, 2010, a Bexar County court held a probation revocation hearing. At the beginning of the hearing, appellant made a speedy trial objection and claimed the State unfairly waited four years after finding him in prison in Idaho to commence the probation revocation hearing. The trial court entertained brief arguments on the issue and overruled appellant's objection. During the hearing, appellant's Dallas County probation officer did not testify, but a Bexar County probation officer testified to the contents of appellant's probationary records, which were admitted into evidence. Appellant objected to the testimony and to admission of the records on the ground that the probationary records were testimonial and presentation of the records by someone other than the Dallas County probation officer violated appellant's rights under the Confrontation Clause of the Sixth Amendment. The court overruled appellant's objections. At the conclusion of the hearing, the court found appellant failed to make supervisory fee and fine payments as required under the terms of his probation. The court revoked appellant's probation and sentenced him to eight years' confinement.

## *CRAWFORD*/CONFRONTATION

In his first and third issues, appellant argues the contents of his probationary records were testimonial in nature; therefore, because he was not able to confront and cross-examine his

Dallas County probation officer at the probation revocation hearing, he contends admission of the records violated his rights under the Confrontation Clause of the Sixth Amendment as enunciated in *Crawford v. Washington*, 541 U.S. 36 (2004). Also, appellant argues the Bexar County probation officer should not have been permitted to testify to the contents of the probationary records because the records are testimonial.

In *Crawford*, the U.S. Supreme Court held that out-of-court statements that are "testimonial" in nature are barred by the Confrontation Clause of the Sixth Amendment unless (1) the out-of-court declarant is unavailable to testify, and (2) the defendant had a prior opportunity to cross-examine the out-of-court declarant. *Id.* at 53–54. In *Diaz*, a panel of this court reviewed the applicability of *Crawford* and the Confrontation Clause of the Sixth Amendment to probation revocation hearings as a matter of first impression. *Diaz v. State*, 172 S.W.3d 668, 669 (Tex. App.—San Antonio 2005, no pet.). We held that *Crawford* does not apply to probation revocation proceedings for the following reasons. *Id.* at 670; *see also Mauro v. State*, 235 S.W.3d 374, 376 (Tex. App.—Eastland 2007, pet. ref'd) (holding same); *Trevino v. State*, 218 S.W.3d 234, 239 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (holding same); *Smart v. State*, 153 S.W.3d 118, 121 (Tex. App.—Beaumont 2005, pet. ref'd) (holding same).

The Confrontation Clause of the Sixth Amendment explicitly applies to "criminal prosecutions." U.S. CONST. amend. VI (*"In all criminal prosecutions*, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ." (emphasis added)). In *Morrissey*, the United States Supreme Court held "the revocation of parole *is not part of a criminal prosecution* and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations." *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972) (emphasis added); *see also Hill v. State*, 480 S.W.2d 200, 202–03 (Tex. Crim. App. 1971) ("A probation

- 3 -

revocation hearing is not an adversarial proceeding, a civil action, or a criminal prosecution . . . instead, it is administrative in nature, a means of protecting society and rehabilitating lawbreakers." (internal citations omitted)).  The *Morrissey* Court explained:

> Parole arises after the end of the criminal prosecution, including imposition of sentence. Supervision is not directly by the court but by an administrative agency, which is sometimes an arm of the court and sometimes of the executive.  Revocation deprives an individual, not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special parole restrictions.

*Morrissey*, 408 U.S. at 480.  Therefore, because probation revocation is not a stage of a criminal prosecution, *Crawford* does not apply.  *Diaz*, 172 S.W.3d at 670.  Accordingly, we overrule appellant's first and third issues.

### SPEEDY TRIAL

In his second issue, appellant complains he was denied the right to a speedy trial because the State waited four years after locating him in prison in Idaho before prosecuting the motion to revoke his probation.  In response, the State argues—for the same reasons discussed above—that the Sixth Amendment right to a speedy trial does not apply to appellant's probation revocation hearing.  However, both the Court of Criminal Appeals and the Texas Supreme Court have held that the Sixth Amendment and the Texas Constitution guarantee the right to a speedy trial in probation revocation hearings.  *Carney v. State*, 573 S.W.2d 24, 26 (Tex. Crim. App. 1978) (en banc); *Fariss v. Tipps*, 463 S.W.2d 176, 178 (Tex. 1971) (original proceeding).  In *Fariss*, a prisoner in Virginia sought a writ of mandamus to compel a Texas court to make a speedy disposition of his Texas probation revocation hearing.  *Fariss*, 463 S.W.2d at 178.  The Texas Supreme Court acknowledged the Court of Criminal Appeals decisions holding that probation revocation hearings are not the type of "criminal prosecutions" in which a defendant would be entitled to a Sixth Amendment-guaranteed impartial jury and stated, "[W]e may assume that

those cases are correctly decided." *Id.* (citing *Hood v. State*, 458 S.W.2d 662 (Tex Crim. App. 1970); *Wilson v. State*, 240 S.W.2d 774 (1951)). However, the Court then stated, "The Court of Criminal Appeals definitely has Not held, however, that a defendant does not have a right to a public trial or a speedy trial in a probation revocation proceeding; and, the question being an open one, we should not hesitate to hold that these rights may be demanded in such a proceeding." *Id.* (emphasis in original). Since the *Fariss* decision, the Court of Criminal Appeals has repeatedly held probationers are entitled to a speedy probation revocation hearing. *Carney*, 573 S.W.2d at 26; *Ross v. State*, 523 S.W.2d 402, 404 (Tex. Crim. App. 1975); *McClure v. State*, 496 S.W.2d 588, 589 (Tex. Crim. App. 1973); *Hilts v. State*, 476 S.W.2d 283, 284 (Tex. Crim. App. 1972); *see also Cavazos v. State*, No. 04-98-01054-CR, 2000 WL 124911, at *2 (Tex. App.—San Antonio Feb. 2, 2000, no pet.) (applying speedy trial analysis to probation revocation hearing).

We note the difference in the post-*Fariss* decisions, which apply the Sixth Amendment speedy trial right to probation revocation hearings, with the line of *Crawford*/Confrontation Clause cases, which hold the Sixth Amendment right to confront and cross-examine does not apply to probation revocation hearings because such hearings are not "criminal prosecutions" subject to the Sixth Amendment. However, the post-*Fariss* decisions make it clear that probationers are entitled to a speedy probation revocation hearing under both the Sixth Amendment and the Texas Constitution. Therefore, in light of the decisions of the higher courts of this state, we must conclude the Sixth Amendment right to speedy trial applies to appellant's probation revocation hearing, and we turn to a speedy trial analysis.

To determine whether appellant was denied a speedy trial, we apply the *Barker* balancing test, which requires consideration of the following non-exclusive factors: (1) the length of the

delay; (2) the reason for the delay; (3) the defendant's assertion of the right; and (4) the prejudice to the defendant resulting from the delay. *Carney*, 573 S.W.2d at 26–27 (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)); *see also Cantu v. State*, 253 S.W.3d 273, 280 n.16 (Tex. Crim. App. 2008) (although right to speedy trial under Texas Constitution exists independently of Sixth Amendment guarantee, both claims are analyzed using *Barker* factors). Once the *Barker* test is triggered, we analyze the speedy trial claim by weighing the strength of the factors and balancing them in light of the parties' conduct. *Cantu*, 253 S.W.3d at 281. In doing so, we review the trial court's implicit fact findings for abuse of discretion, and we review legal findings de novo. *Id.* at 282.

### A. Length of the Delay

Both appellant and the State agree there was a four-year delay between the time Texas authorities found appellant in custody in Idaho and the date of the probation revocation hearing in Bexar County. Because four years is an unusually lengthy delay in a probation revocation case, the *Barker* analysis is triggered.

### B. Reason for the Delay

The only reason for the delay was appellant's incarceration in Idaho, and Texas authorities immediately returned appellant to Bexar County following his release. Because appellant's incarceration was a valid reason for the delay, we do not weigh this factor against the State at all. *See State v. Munoz*, 991 S.W.2d 818, 822 (Tex. Crim. App. 1999) (en banc) (a valid reason for delay is not weighed against the State).

### C. Timeliness of Asserted Claim

A defendant is responsible for asserting his right to a speedy trial, but failure to do so does not waive his right and is not necessarily dispositive of his speedy trial claim. *Id.* at 825.

Under a *Barker* analysis, a defendant's failure to assert his right to a speedy trial will only make it more difficult to prove that he was denied a speedy trial. *Id.*; *see also Dragoo v. State*, 96 S.W.3d 308, 314–15 (Tex. Crim. App. 2003) (defendant "quietly acquiesced" to delay of three and one-half years by failing to assert speedy trial right until day before trial). In this case, appellant did not assert his right to a speedy trial until the probation revocation hearing commenced. Therefore, this factor weighs against appellant.

### D. Prejudice

Prejudice to a defendant is assessed in light of the following interests: "(1) preventing oppressive pretrial incarceration, (2) minimizing anxiety and concern of the accused, and (3) limiting the possibility that the defense will be impaired." *Munoz*, 991 S.W.2d at 826. Here, appellant offered no evidence of prejudice when he first raised his speedy trial claim during the probation revocation hearing, and he makes no argument regarding prejudice on appeal. Because there is no evidence appellant was prejudiced by the delay, we conclude the fourth factor weighs against finding a speedy trial violation.

On balance, we conclude appellant's right to a speedy probation revocation hearing was not violated.

## CONCLUSION

We overrule appellant's issues on appeal and affirm the trial court's order.

Sandee Bryan Marion, Justice

PUBLISH