

# NUMBER 13-12-00358-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE JOSE GONZALEZ

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion Per Curiam[1]

Relator, Jose Gonzalez, proceeding pro se, filed a petition for writ of mandamus on May 29, 2012 through which he seeks to compel the trial court to "set a speedy revocation hearing."[2]  *See Carney v. State*, 573 S.W.2d 24, 26 (Tex. Crim. App. 1978) (en banc) ("The right to a speedy trial guaranteed by the Constitutions of the United States and Texas is applicable to probation revocation proceedings."); *Fariss v. Tipps*,

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

[2] That same day, relator also filed a "Motion for Leave" to file the petition for writ of mandamus. Relator's motion for leave to file his petition for writ of mandamus is dismissed as moot.  The Texas Rules of Appellate Procedure do not require the relator to file a motion for leave to file an original proceeding. *See generally* TEX. R. APP. P. 52 & cmt.

463 S.W.2d 176, 178 (Tex. 1971) (original proceeding) (holding that relator was entitled to a speedy trial in a probation revocation hearing because a revocation hearing was a criminal prosecution."); *see also Wisser v. State*, 350 S.W.3d 161, 164 (Tex. App.—San Antonio 2011, no pet.)/

To be entitled to mandamus relief, relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). If relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *See id.*

It is relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*." See generally* Tex. R. App. P. 52.3. In this regard, it is clear that relator must furnish an appendix or record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden

to obtain mandamus relief. *See State ex rel. Young*, 236 S.W.3d at 210. First, the petition for writ of mandamus fails to comply with the Texas Rules of Appellate Procedure. *See generally* TEX. R. APP. P. 52.3. Second, relator has not demonstrated that the trial court has been presented with and expressly refused to rule on relator's motion for speedy revocation hearing, or that an unreasonable amount of time has passed since the motion was filed. *See In re Dimas*, 88 S.W.3d 349, 351 (Tex. App.—San Antonio 2002, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding); *accord O'Connor v. First Ct. of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding). Third, relator has not shown that he lacks an adequate remedy by appeal. *See, e.g., Wis*ser, 350 S.W.3d at 154 (handling allegations regarding the trial court's failure to grant a speedy revocation hearing on appeal).

We deny relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).


PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).
Delivered and filed the
30th day of May, 2012.