

NUMBER 13-14-00232-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**IN RE JAMES J. JONES**

**On Petition for Writ of Mandamus.**

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Longoria**
**Memorandum Opinion Per Curiam[1]**

Relator, James J. Jones, proceeding pro se, filed a petition for writ of mandamus seeking to compel Laura Hinojosa, the District Clerk of Hidalgo County, Texas, to transmit a copy of relator's "Motion for Speedy Revocation Hearing" to relator's convicting court. *See Carney v. State*, 573 S.W.2d 24, 26 (Tex. Crim. App. 1978) (en banc) ("The right to a speedy trial guaranteed by the Constitutions of the United States and Texas is

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

applicable to probation revocation proceedings."); *Fariss v. Tipps*, 463 S.W.2d 176, 178 (Tex. 1971) (original proceeding) (holding that relator was entitled to a speedy trial in a probation revocation hearing because a revocation hearing was a criminal prosecution."); *see also Wisser v. State*, 350 S.W.3d 161, 164 (Tex. App.—San Antonio 2011, no pet.). We dismiss this original proceeding for lack of jurisdiction.

## I. STANDARD OF REVIEW

To be entitled to mandamus relief, the relator must establish both that there is no adequate remedy at law to redress the alleged harm, and that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). The requirements for an original proceeding are detailed by the Texas Rules of Appellate Procedure. *See generally* TEX. R. APP. P. 52. In addition to other prerequisites, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*." See generally* TEX. R. APP. P. 52.3. The relator must also include an appendix and record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

## II. ANALYSIS

Article V, Section 6 of the Texas Constitution specifies the appellate jurisdiction of the courts of appeals, and states that the courts of appeals "shall have such other jurisdiction, original and appellate, as may be prescribed by law." TEX. CONST. art. V, § 6. As an appellate court, this Court's original jurisdiction is governed by section 22.221 of the Texas Government Code. *See* TEX. GOV'T CODE ANN. § 22.221 (West, Westlaw through 2013 3d C.S.); *see also In re Cook*, 394 S.W.3d 668, 671 (Tex. App.—Tyler 2012, orig. proceeding). In pertinent part, this section provides that we may issue writs of mandamus and "all other writs necessary to enforce the jurisdiction of the court." *Id.* § 22.221(a). This section also provides that we may issue writs of mandamus against "a judge of a district or county court in the court of appeals' district" or against a "judge of a district court who is acting as a magistrate at a court of inquiry ... in the court of appeals district." *Id.* § 22.221(b).

This Court does not have mandamus jurisdiction against a district clerk unless it is shown that issuance of the writ is necessary to enforce our jurisdiction. *See id.* § 22.221(a); *In re Richardson*, 327 S.W.3d 848, 851 (Tex. App.—Fort Worth 2010, orig. proceeding); *In re Phillips*, 296 S.W.3d 682, 684 (Tex. App.—El Paso 2009, orig. proceeding); *In re Smith*, 263 S.W.3d 93, 95 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding); *In re Coronado*, 980 S.W.2d 691, 692 (Tex. App.—San Antonio 1998, orig. proceeding); *see also In re Nubine*, No. 13-08-507-CV, 2008 Tex. App. LEXIS 6534, at *1 (Tex. App.—Corpus Christi Aug. 27, 2008, orig. proceeding) (per curiam) (mem. op). In this case, relator's petition for writ of mandamus fails to meet the requirements of Texas

3

Rule of Appellate Procedure 52 and, accordingly, relator has not shown that issuance of the writ is necessary to enforce this Court's jurisdiction.  *See generally* TEX. R. APP. P. 52.

### III.  CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that we lack jurisdiction to consider this matter.  Accordingly, the petition for writ of mandamus is DISMISSED FOR LACK OF JURISDICTION.  *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
25th day of April, 2014.

4