

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-13-00157-CR

_____

MICHAEL J. GALLOWAY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court 4 of Dallas County
Dallas County, Texas
Trial Court No. F-1054301-K

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

In Dallas County, Texas,[1] Michael J. Galloway entered an open plea of guilty to abandoning a child with intent to return. The trial court deferred adjudication of guilt and placed Galloway on community supervision for a period of four years. About two years later, the State filed a motion to adjudicate guilt, alleging that Galloway violated six terms of his deferred adjudication community supervision. Galloway pled "not true" to the allegations. After a hearing, the trial court granted the State's motion, found Galloway guilty of violating four of his supervision conditions, sentenced him to eighteen months' confinement, and assessed court costs of $290.02.

On appeal,[2] Galloway contends that the trial court erred (1) by allowing a Dallas County officer to testify from the reports prepared by a nontestifying Collin County community supervision officer, (2) by entering a judgment reflecting that he pled "true" to the State's revocation allegations, (3) by entering a judgment indicating that he violated all of the community supervision terms alleged in the State's motion to adjudicate, and (4) by assessing court costs against him in the absence of sufficient evidence to support such an assessment.

We modify the judgment to reflect (1) a plea of not true and (2) a finding that Galloway violated only conditions H, K, R, and U of his community supervision as alleged in the State's motion to adjudicate. We affirm the judgment, as modified.

---

[1]Originally appealed to the Fifth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We decide this case pursuant to the precedent of the Fifth Court of Appeals. *See* TEX. R. APP. P. 41.3.

[2]Galloway also appeals a separate conviction of abandoning a child with intent to return resulting in a sentence of eighteen months' imprisonment in our cause number 06-13-00158-CR.

## I. Background

The State's motion to adjudicate guilt alleged that Galloway violated six terms of community supervision by failing to pay various fees, failing to submit a required urine sample, and/or failing to participate, as directed, in the Smart Start In-Home Program. It was also alleged that he consumed an alcoholic beverage. Galloway pled not true to the allegations.

At trial, the State's only witness, Susan Webster, a Dallas County community supervision officer, testified, over Galloway's objection, from documents relating to Galloway's community supervision.[3] The documents and Webster's testimony therefrom, indicated that Galloway had violated several provisions of his community supervision. Following Webster's testimony, the State rested, and Galloway and his wife, Victoria, testified for the defense.

## II.    Standard of Review

We review a decision to adjudicate guilt in the same manner as we review a decision to revoke community supervision—for abuse of discretion. TEX. CODE CRIM. PROC. ANN.

---

[3]Galloway objected and in his first two points of error argues that Webster's testimony was hearsay and also inadmissible under *Crawford v. Washington*, 541 U.S. 36 (2004), and the Sixth Amendment because, as the records were prepared by others, Webster had no personal knowledge of the records' allegations. As a result, Galloway argues he was deprived of the fundamental right to confront the witnesses. The State responds by citing *Gutierrez v. State*, an unpublished case involving a similar petition to adjudicate. *See Gutierrez*, No. 05-11-01380-CR, 2013 WL 3533549, at *1 (Tex. App.—Dallas July 12, 2013, pet. ref'd) (mem. op., not designated for publication). *Gutierrez* cites a line of cases holding that the Confrontation Clause does not apply during revocation hearings because they are administrative rather than judicial proceedings. *See id.* (citing *Wisser v. State*, 350 S.W.3d 161, 164 (Tex. App.—San Antonio 2001, no pet.); *Trevino v. State*, 218 S.W.3d 234, 239 (Tex. App.—Houston [14th Dist.] 2007, no pet.); *Smart v. State*, 153 S.W.3d 118, 121 (Tex. App.—Beaumont 2005, pet. ref'd)). Although we are obligated to follow the published precedent of the Dallas Court of Appeals in cases transferred from the Fifth Appellate District, *Gutierrez* is an unpublished opinion and is not a binding precedent. More importantly, the cases cited in *Gutierrez* were decided before *Ex parte Doan*, 369 S.W.3d 205 (Tex. Crim. App. 2012), in which the Texas Court of Criminal Appeals disavowed its prior cases holding that a community supervision revocation hearing was merely an administrative proceeding and holding, instead, that revocation hearings are judicial proceedings subject to the rules governing judicial proceedings. *Id.* at 212. Adjudication hearings are governed by the same rules as hearings to revoke community supervision and are, in practical terms, hearings on whether to revoke the defendant's deferred adjudication community supervision. *Leonard v. State*, 385 S.W.3d 570, 572 n.1 (Tex. Crim. App. 2012). With Galloway's admissions that he violated conditions of his community supervision, this issue is moot.

art. 42.12, § 5(b) (West Supp. 2013); *Little v. State*, 376 S.W.3d 217, 219 (Tex. App.—Fort Worth 2012, pet. ref'd) (citing *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006)); *see In re T.R.S.*, 115 S.W.3d 318, 320 (Tex. App.—Texarkana 2003, no pet.). In an adjudication hearing, the trial court is the sole trier of the facts and determines the credibility of the witnesses and the weight given to their testimony. *T.R.S.*, 115 S.W.3d at 321. A trial court's decision to revoke community supervision and proceed to adjudication is examined in the light most favorable to the trial court's order. *Id.*

To revoke deferred adjudication community supervision, the State must prove by a preponderance of the evidence every element of at least one ground for revocation. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 10 (West Supp. 2013); *T.R.S.*, 115 S.W.3d at 320. Here, if the greater weight of credible evidence created a reasonable belief that Galloway violated a single condition of his community supervision, then an abuse of discretion has not been shown. *See Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *T.R.S.*, 115 S.W.3d at 321 (citing *Stevens v. State*, 900 S.W.2d 348, 351 (Tex. App.—Texarkana 1995, pet. ref'd)).

In its amended motion to adjudicate, the State alleged that Galloway violated condition H by failing to pay court costs and fines; condition J by failing to pay community supervision fees; condition K by failing to pay a Crime Stoppers fee; condition N by failing to submit to non-dilute, random urine-sample testing as directed; condition R by consuming alcohol while at the Salvation Army on August 22, 2012; and condition U by failing to participate in the Smart Start In-Home Program as directed. The trial court struck the State's allegation regarding condition N

4

and then found that Galloway had violated conditions H, K, R, and U, but did not find a violation of condition J.

## II.     Galloway's Testimony is Sufficient Evidence

Galloway testified in his own defense, and his testimony, alone, supports revocation. Galloway agreed that he still owed some fees, and he admitted to testing positive for alcohol consumption. On cross-examination, the following exchange took place:

> Q:     . . . you agree to Condition R, the one about, you know, consuming alcohol at the Salvation Army on August 22, 2012. That happened, didn't it?
> A:     That happened.
> Q:     That is true?
> A:     That is true.

There is sufficient evidence in the record from which the trial court could have found by a preponderance of the evidence that Galloway violated a condition of his supervision. Accordingly, we overrule these points of error.

## III.     Modification of True Plea

Galloway also contends that the judgment inaccurately reflects (1) that he pled true to the State's revocation allegations and (2) that he violated the conditions of his community supervision as alleged in the State's motion. The State agrees with Galloway and asks that we modify the judgment.

The judgment reflects that Galloway pled true to the State's allegations, and the judgment makes a finding that, "[w]hile on community supervision, Defendant violated the terms and conditions of community supervision as set out in the State's AMENDED Motion to Adjudicate Guilt as follows:  See attached Motion to Adjudicate Guilt."  However, the reporter's record

5

establishes that Galloway pled not true to all of the allegations in the State's motion and that the trial court returned true findings only on the allegations regarding conditions H, K, R, and U. The Texas Rules of Appellate Procedure give this Court authority to reform judgments and correct typographical errors to make the record speak the truth. TEX. R. APP. P. 43.2; *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Gray v. State*, 628 S.W.2d 228, 233 (Tex. App.—Corpus Christi 1982, pet. ref'd). We hereby modify the trial court's judgment to accurately reflect that Galloway pled not true to the State's allegations and to accurately reflect the trial court's findings that Galloway violated conditions H, K, R, and U as set out in the State's amended motion to adjudicate guilt.

## IV.   Court Costs

In his final point of error, Galloway argues that there is insufficient evidence to support the trial court's assessment of $290.02 in court costs against him.

"A clerk of a court is required to keep a fee record, and a statement of an item therein is prima facie evidence of the correctness of the statement." *Owen v. State*, 352 S.W.3d 542, 547 (Tex. App.—Amarillo 2011, no pet.) (citing TEX. CODE CRIM. PROC. ANN. art. 103.009(a), (c) (West 2006)). "A cost is not payable by the person charged with the cost until a written bill is produced or is ready to be produced, containing the items of cost, signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost." TEX. CODE CRIM. PROC. ANN. art. 103.001 (West 2006). "In other words, a certified bill of costs imposes an obligation upon a criminal defendant to pay court costs, irrespective of whether . . . that bill is incorporated by reference into the written judgment." *Owen*, 352 S.W.3d at 547.

The clerk's record in this case did not originally include a bill of costs. Following the precedent of the Dallas Court of Appeals, we ordered the Dallas County District Clerk to prepare and file an itemized bill of costs. *See Franklin v. State*, 402 S.W.3d 894, 895 (Tex. App.—Dallas 2013, no pet.). In response, we received an unsigned, unsworn computer printout supporting the amount of costs along with a "Bill of Costs" certification signed by the Dallas County District Clerk averring that the printout constitutes "costs that have accrued to date." The Dallas Court of Appeals has held that this type of filing constitutes a bill of costs. *Crain v. State*, No. 05–12–01219–CR, 2014 WL 357398, at *1 n.1 (Tex.App.—Dallas Jan. 31, 2014, no pet. h.) (mem. op., not designated for publication) (citing *Coronel v. State*, 416 S.W.3d 550, 555 (Tex. App.—Dallas 2013, pet. ref'd)).

Because the supplemental record contains a bill of costs supporting the amount assessed, Galloway's court-costs issue is moot. *See Franklin*, 402 S.W.3d at 895. We overrule this point of error.

We affirm the trial court's judgment, as modified.


Jack Carter
Justice


Date Submitted:     March 31, 2014
Date Decided:       May 22, 2014

Do Not Publish