

**NUMBER 13-14-00339-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**IN RE LEOPOLDO MENDIETTA**

---

**On Petition for Writ of Mandamus.**

---

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Benavides
### Memorandum Opinion Per Curiam[1]

Relator, Leopoldo Mendietta, proceeding pro se, filed a petition for writ of mandamus in the above cause on June 23, 2014, through which he seeks to compel the trial court to set a hearing on relator's motion to revoke community supervision. We deny the petition.

To be entitled to mandamus relief, the relator must show: (1) that he has no adequate remedy at law, and (2) that what he seeks to compel is a ministerial act. *In re*

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

*State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of App. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). It is the relator's burden to properly request and show entitlement to mandamus relief. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*." See generally* TEX. R. APP. P. 52.3. It is clear that the relator must furnish an appendix or record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden to obtain mandamus relief. *See State ex rel. Young*, 236 S.W.3d at 210. First, the petition for writ of mandamus fails to comply with the Texas Rules of Appellate Procedure. *See generally* TEX. R. APP. P. 52.3. Second, relator has not demonstrated that the trial court has been presented with and expressly refused to rule on relator's motion for speedy revocation hearing, or that an unreasonable amount of time has passed since the motion was filed. *See In re Dimas*, 88 S.W.3d 349, 351 (Tex. App.—San Antonio 2002, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding); *Barnes*,

832 S.W.2d at 426; *accord O'Connor v. First Ct. of App.*, 837 S.W.2d 94, 97 (Tex.1992) (orig. proceeding).  Third, relator has not shown that he lacks an adequate remedy by appeal.  *See, e.g., Wisser v. State*, 350 S.W.3d 161, 164 (Tex. App.—San Antonio 2011, no pet.) (addressing allegations regarding the trial court's failure to grant a speedy revocation hearing on appeal).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden to obtain mandamus relief.  *See State ex rel. Young*, 236 S.W.3d at 210.  Accordingly, relator's petition for writ of mandamus is DENIED.  *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
3rd day of July, 2014.