**Fourth Court of Appeals**
San Antonio, Texas


## MEMORANDUM OPINION

No. 04-19-00382-CR

John David **HODGES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR12023W
Honorable Catherine Torres-Stahl, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:        Luz Elena D. Chapa, Justice
               Irene Rios, Justice
               Liza A. Rodriguez, Justice

Delivered and Filed: April 22, 2020

AFFIRMED

John David Hodges appeals a judgment revoking his community supervision. He argues:

(1) the judgment is not supported by sufficient evidence; and (2) hearsay evidence was admitted

in violation of his confrontation rights. We affirm the trial court's judgment.

### BACKGROUND

In 2018, Hodges was charged with possession of methamphetamine. Under a plea

agreement, the trial court found Hodges guilty, sentenced him to ten years in prison, and assessed

a $1,500 fine. The trial court suspended the sentence and placed Hodges on community supervision for four years.

Nine days after the trial court placed Hodges on community supervision, the State filed a motion to revoke, alleging Hodges had violated a protective order. At a hearing on the State's motion, the trial court admitted into evidence a protective order from a different case. The protective order contained a finding that "John D. Hodges" committed family violence against his wife. The protective order prohibited "John D. Hodges" from going within one mile of his wife's residence, identifying her address in Universal City. A court-liaison officer, Bernadette Contreras, and a Universal City police officer, Sheila Vitacco, testified briefly at the revocation hearing. The evidence showed Hodges was at or within one mile of the residence identified in the protective order.

At the close of the revocation hearing, the trial court found Hodges violated the conditions of his community supervision by violating a protective order. The trial court revoked Hodges's community supervision and pronounced his sentence in accordance with his original plea agreement on the possession charge. After the trial court signed the judgment revoking Hodges's community supervision, Hodges timely filed a notice of appeal.

### SUFFICIENCY OF THE EVIDENCE

In his first issue, Hodges argues the trial court's finding that he violated a protective order is not supported by sufficient evidence. We review a judgment revoking community supervision for an abuse of discretion. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). Because revocation proceedings are primarily governed by civil standards, a trial court's findings need only be supported by a preponderance of the evidence. *Id.* at 864–65. "[T]he trial judge is the sole judge of the credibility of the witnesses and the weight to be given to their testimony." *Id.* at 865.

Hodges does not dispute that violating a protective order is a violation of the conditions of his community supervision. He also does not dispute he was within one mile of the residence identified in the protective order.[1] His sole argument is that there is insufficient evidence showing he is the same "John D. Hodges" named in the protective order. We therefore consider whether the trial court could have found by a preponderance of the evidence that Hodges is the "John D. Hodges" named in the protective order. *See* TEX. R. APP. P. 38.1(i); *see, e.g.*, *Blackwood v. State*, No. 04-01-0833-CR, 2002 WL 31253536, at *2 (Tex. App.—San Antonio Oct. 9, 2002, no pet.) (mem. op., not designated for publication) (considering the sufficiency of the evidence only with regard to the challenged elements).

Officer Contreras testified the name on the protective order was the same as the name on the State's motion to revoke, but could not confirm whether Hodges was the "John D. Hodges" named in the protective order. Officer Vitacco testified she was dispatched to the Universal City residence identified in the protective order. She explained a next-door neighbor had called and reported Hodges was trying to break into the residence. Officer Vitacco also testified she arrested Hodges within a mile of the residence and the neighbor who reported the incident had recognized Hodges and knew he was not supposed to be at the residence.

The evidence shows Hodges had the same first name, last name, and middle initial as the person named in the protective order. The evidence also shows Hodges was attempting to break into the residence of the wife of a "John D. Hodges" in Universal City, and the neighbor recognized Hodges, knew him by name, and knew he was not supposed to be at the residence. Under these circumstances, we hold sufficient evidence supports the trial court's finding that Hodges was the

---

[1] In his brief, Hodges complains he did not sign and the witnesses did not testify they reviewed the terms of his community supervision. However, Officer Contreras testified she had read to Hodges the conditions of his community supervision.

same "John D. Hodges" named in the protective order. *See Hacker*, 389 S.W.3d at 865. Because we cannot say the trial court abused its discretion, we overrule Hodges's first issue.

### VIOLATION OF HODGES'S CONFRONTATION RIGHTS

Hodges argues the trial court erred by admitting hearsay testimony in violation of his constitutional right to confront his accuser. The State argues Hodges did not preserve this complaint for appeal. "[T]he right to exclude hearsay evidence, even when the evidence is admitted in violation of the Confrontation Clause, is a forfeitable right that must be preserved." *Ramos v. State*, No. 04-17-00669-CR, 2019 WL 1779861, at *4 (Tex. App.—San Antonio Apr. 24, 2019, pet. ref'd) (mem. op., not designated for publication). Hodges made no objection to the complained-of testimony admitted during the hearing. This issue is therefore not preserved for our review. *See id.*; *see also* TEX. R. APP. P. 33.1(a). Moreover, because revocation proceedings are primarily governed by civil standards, and are not "a stage of a criminal prosecution," the constitutional right to confront one's accuser does not apply in such proceedings. *Wisser v. State*, 350 S.W.3d 161, 164 (Tex. App.—San Antonio 2011, no pet.). We overrule Hodges's second issue.

### CONCLUSION

We affirm the judgment revoking Hodges's community supervision.

Luz Elena D. Chapa, Justice

DO NOT PUBLISH