

# NUMBER 13-23-00313-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JOSHUA DELEON,                                                          Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

## ON APPEAL FROM THE 156TH DISTRICT COURT
## OF LIVE OAK COUNTY, TEXAS

# MEMORANDUM OPINION

### Before Chief Contreras and Justices Tijerina and Peña
### Memorandum Opinion by Justice Tijerina

By three issues, appellant Joshua DeLeon challenges the revocation of his community supervision contending that the trial court violated his right to a speedy trial, his sentence in this cause was incorrectly cumulated with a federal sentence, and the trial court miscalculated the credit for the time he served. We affirm as modified.

## I.  BACKGROUND

Appellant pleaded guilty to felon in possession of a firearm, a third-degree felony, on February 9, 2015. *See* TEX. PENAL CODE ANN. § 46.04(a)(1), (e). The trial court adjudicated appellant guilty, sentenced him to ten years' incarceration, suspended the sentence, and placed him on community supervision for five years. The State filed a motion to revoke in 2015; however, after holding a hearing on August 10, 2016, the trial court continued appellant on community supervision. The State filed a second motion to revoke on September 6, 2019. On June 6, 2023, appellant filed a motion for a speedy revocation hearing, requesting that "trial in this case be scheduled before August 31[], 2023."[1] On June 20, 2023, the trial court held a revocation hearing, found that appellant violated the terms of community supervision, and sentenced appellant to ten-years' confinement. This appeal followed.

## II.  SPEEDY TRIAL

By his first issue, appellant contends that the trial court violated his right to a speedy revocation hearing, and he was prejudiced.[2]

### A.  Applicable Law

A person has a right to a speedy trial pursuant to both the Sixth Amendment to the United States Constitution, and Article one, § 10 of the Texas Constitution. *Cantu v. State*, 253 S.W.3d 273, 280 & n.16 (Tex. Crim. App. 2008). This right is applicable to community supervision revocation proceedings. *Wisser v. State*, 350 S.W.3d 161, 165 (Tex. App.—

---

[1] On October 4, 2022, appellant filed a handwritten document that he claims constituted a motion for a speedy trial. However, in that document, appellant did not request a speedy trial.

[2] The State did not file a brief in this cause.

San Antonio 2011, no pet.) (citing *Carney v. State*, 573 S.W.2d 24, 26 (Tex. Crim. App. 1978)). To determine whether a defendant's constitutional right to a speedy trial has been violated, we balance the *Barker* factors: (1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of the right; and (4) prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530–32 (1972); *Carney*, 573 S.W.2d at 26.

To that effect, we must conduct "a difficult and sensitive balancing process," wherein the conduct of both the State and the defendant must be weighed. *Barker*, 407 U.S. at 533. "[T]he four factors are related and must be considered together along with any other relevant circumstances." *Cantu*, 253 S.W.3d at 280 (quoting *Zamorano v. State*, 84 S.W.3d 643, 648 (Tex. Crim. App. 2002)). The State has the burden to justify the length of delay while the defendant has the burden to prove that he asserted his right and was prejudiced. *Id.* (citing *Barker*, 407 U.S. at 531). "Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Barker*, 407 U.S. at 530.

## B.     Length of Delay

The State filed its motion to revoke in 2019. The trial court held the revocation hearing on June 20, 2023. Thus, the length of delay was presumptively prejudicial, and we will analyze the remaining *Barker* factors. *See id.*; *State v. Lopez*, 631 S.W.3d 107, 114 (Tex. Crim. App. 2021) (setting out that if the delay is presumptively prejudicial, we must analyze the remaining *Barker* factors); *Harris v. State*, 827 S.W.2d 949, 956 (Tex. Crim. App. 1992) (determining that an eight-month delay is presumptively unreasonable and prejudicial). This factor weighs against the State. *See Zamorano*, 84 S.W.3d at 649

3

(explaining that a "nearly four-year delay between appellant's" arrest "stretched well beyond the bare minimum needed to trigger judicial examination of the claim" and "weigh[ed] heavily against the State").

## C.    Reason for the Delay

The trial court did not hold a hearing to determine whether appellant's right to a speedy revocation hearing was violated; thus, no evidence was presented in that regard. *See State v. Salinas*, 975 S.W.2d 717, 718 (Tex. App.—Corpus Christi–Edinburg 1998, no pet.) (concluding "that without prior notice to the State of the defense's motion to dismiss and without a meaningful hearing on lack of a 'speedy trial' as a ground for dismissal, the trial court erred to the extent that it dismissed on this ground). Nonetheless, the delay here appears to have been caused by appellant's incarceration due to his felony conviction. During the revocation hearing, appellant did not mention his speedy revocation hearing violation claim. However, the trial court asked Guadalupe Martinez, appellant's probation officer, to explain the delay. Martinez said, "I know there had been several attempts at a bench warrant from our office, but I am not certain what came of those." The prosecutor then said: "I know his federal case was resolved. That judgment was April 26th of 2022. So I know typically for the 2019 to 2022 time period historically the federal government will not release inmates that are in their custody until the resolution of their case."

Although the State attempted to explain the delay from 2019 until 2022, the delay from April 2022 until June 2023 is unexplained. This factor weighs slightly against the State. *See Wisser*, 350 S.W.3d at 165 ("Because appellant's incarceration was a valid

4

reason for the delay, we do not weigh this factor against the State at all."); *see also Hopper v. State*, 520 S.W.3d 915, 924 (Tex. Crim. App. 2017) ("Deliberate delay to hamper the defense is weighed heavily against the government while more neutral reasons such as negligence or overcrowded courts weigh against the government but less heavily."); *Gonzales v. State*, 435 S.W.3d 801, 810 (Tex. Crim. App. 2014) ("Unjustifiable reasons for delay count towards the 'length of delay,' while justifiable reasons for delay do not.").

**D.    Timeliness of Asserted Claim**

"A defendant is responsible for asserting his right to a speedy trial, but failure to do so does not waive his right and is not necessarily dispositive of his speedy trial claim." *Wisser*, 350 S.W.3d at 166. Under a *Barker* analysis, a defendant's failure to assert his right to a speedy trial will only make it more difficult to prove that he was denied a speedy trial. *Id.* The defendant's failure to timely assert his right to a speedy trial strongly indicates that he did not desire one. *Balderas v. State*, 517 S.W.3d 756, 771 (Tex. Crim. App. 2016). "The longer the delay becomes, 'the more likely a defendant who wished a speedy trial would be to take some action to obtain it.'" *Id.* (quoting *Dragoo v. State*, 96 S.W.3d 308, 314 (Tex. Crim. App. 2003)). Therefore, the defendant's prolonged inaction in invoking his right is weighed more heavily against him. *Id.*

Here, appellant filed his motion for a speedy revocation hearing almost four years after the State filed its motion to revoke. Such a delay in the assertion of a speedy trial violation has been determined to be tardy. *See Kelly v. State*, 163 S.W.3d 722, 729 (Tex. Crim. App. 2005) (noting that because "[a]ppellant's assertion was tardy, it was made only

once, and trial occurred within a relatively short time thereafter," this factor did not weigh in favor of the appellant). Moreover, appellant's failure to make a timely demand strongly suggests that he did not really want a speedy trial and that he was not prejudiced by the lack of one. *See Dragoo*, 96 S.W.3d at 314 ("[T]he failure to timely assert a speedy trial claim 'makes it difficult for a defendant to prove he was denied a speedy trial.'" (quoting *Barker*, 407 U.S. at 532) (cleaned up)); *see also State v. Beck*, No. 01-23-00003-CR, 2024 WL 1914799, at *10 (Tex. App.—Houston [1st Dist.] May 2, 2024, no pet. h.) (mem. op., not designated for publication) ("An accused must timely assert his right to a speedy trial, and it weighs against a speedy-trial challenge when the accused fails to do so."). Appellant's inaction and delay in invoking his right to a speedy revocation hearing was quite extensive. *See id.* (finding the defendant "quietly acquiesced" to a three and one-half-year-delay and only asserted his speedy trial right the day before trial). Therefore, this factor weighs against finding that there was a violation of appellant's right to a speedy revocation hearing. *See Dragoo*, 96 S.W.3d at 315 (explaining that the defendant's three and one half year delay in invoking his right to a speedy trial "weigh[ed] very heavily against finding a violation of the speedy trial right"); *see also Balderas*, 517 S.W.3d at 771 ("[I]naction weighs more heavily against a violation the longer the delay becomes."); *Vega-Gonzalez v. State*, No. 03-19-00413-CR, 2020 WL 7051187, at *9–10 (Tex. App.—Austin Dec. 2, 2020, no pet.) (mem. op., not designated for publication) (concluding that the third *Barker* factor weighed against the defendant in part because he waited more than two years after his arrest to invoke his right to a speedy trial); *Torres v. State*, No. 04-16-00622-CR, 2017 WL 5759380, at *5 (Tex. App.—San Antonio Nov. 29, 2017, no

pet.) (mem. op., not designated for publication) (deciding that because the appellant filed his motion for a speedy trial almost three years after he was indicted, his speedy trial violation was untimely, and his "inaction weigh[ed] more heavily against a violation of the right to a speedy trial").

## E.    Prejudice

"Because 'pretrial delay is often both inevitable and wholly justifiable,' the fourth *Barker* factor examines whether and to what extent the delay has prejudiced the defendant." *Cantu*, 253 S.W.3d at 285. We analyze prejudice in light of the following interests: "(1) to prevent oppressive pretrial incarceration, (2) to minimize the accused's anxiety and concern, and (3) to limit the possibility that the accused's defense will be impaired." *Id.* When the delay is presumptively prejudicial and the defendant has asserted his right to a speedy trial, the State has the burden to rebut that the defendant has been prejudiced. *Gonzales v. State*, 435 S.W.3d 801, 815 (Tex. Crim. App. 2014) (citing *Gonzales v. State*, No. 04-11-00405-CR, 2013 WL 4500656, at *6 (Tex. App.—San Antonio Aug. 21, 2013) (mem. op., not designated for publication)). However, the presumption of prejudice is extenuated by the defendant's acquiescence in the delay. *Dragoo*, 96 S.W.3d at 315; *see also Doggett v. United States*, 505 U.S. 647, 658 (1992).

Here, appellant offered no evidence of prejudice during the revocation hearing as he did not raise his claim that his right to a speedy revocation hearing had been violated at the hearing. Nonetheless, the record shows that appellant was incarcerated for a separate offense when the State filed the motion for revocation. Thus, he did not suffer oppressive pretrial incarceration due to the State's motion to revoke. *See Webb v. State*,

7

36 S.W.3d 164, 174 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd) (concluding that the appellant's pretrial incarceration was not oppressive because he was incarcerated due to another offense). Appellant presented no evidence that his anxiety exceeded the level normally associated with a criminal charge. *See Cantu*, 253 S.W.3d at 286 ("[E]vidence of generalized anxiety, though relevant, is not sufficient proof of prejudice under the *Barker* test, especially when it is no greater anxiety or concern beyond the level normally associated with a criminal charge or investigation."). And although an almost four-year delay has been held to be "presumptive[ly] prejudic[ial]" to an "appellant's defense," this presumption of prejudice is extenuated by appellant's longtime acquiescence in the delay. *See Dragoo*, 96 S.W.3d at 315 (cleaned up). We conclude the fourth factor weighs against finding a violation of appellant's right to a speedy revocation hearing. *See id.*

## F. Balancing the Factors

The only possible remedy for a violation of the right to a speedy trial is the dismissal of the charging instrument with prejudice. *Strunk v. United States*, 412 U.S. 434, 440 (1973); *Cantu*, 253 S.W.3d at 281. Therefore, courts should apply and balance the *Barker* factors "with common sense and sensitivity to ensure that charges are dismissed only when the evidence shows that a defendant's actual and asserted interest in a speedy trial has been infringed" because "[t]he constitutional right is that of a speedy trial, not [the] dismissal of the charges." *Cantu*, 253 S.W.3d at 281 (emphasis added).

Weighing in favor of finding a violation of appellant's speedy revocation hearing right are the facts that the delay here was excessive and that the State offered no reason

for some of the delay. *See Dragoo*, 96 S.W.3d. at 316. Weighing against finding a violation of the right are the facts that appellant failed to demonstrate prejudice, and he quietly acquiesced in the delay for almost four years, indicating that he really did not want a speedy revocation hearing. *See id.* On balance, we conclude that appellant's right to a speedy revocation hearing was not violated. *See id.*; *see also Phipps v. State*, 630 S.W.2d 942, 946 (Tex. Crim. App. 1982) (determining that the defendant's right to a speedy trial had not been violated because the defendant had not demonstrated prejudice by a four-year delay between arrest and trial and the defendant waited until one month before trial to assert his right to a speedy trial). We overrule appellant's first issue.

### III. CONSECUTIVE SENTENCE

By his second issue, appellant contends that the sentence in this cause will be improperly served consecutive to his sentence in a federal cause. Citing *Woodrome v. State*, appellant argues we should modify the judgment to reflect that his state sentence will run concurrently with his federal sentence. No. 13-21-00036-CR, 2022 WL 480246, at *2 (Tex. App.—Corpus Christi–Edinburg Feb. 17, 2022, no pet.) (mem. op., not designated for publication) (modifying the judgment to reflect that the appellant's state sentence would be concurrent with a federal sentence because the trial court did not indicate that the sentences would run consecutively)), *abrogated on other grounds by Hughes v. State*, No. PD-0164-22, 2024 WL 2306275, at *8 (Tex. Crim. App. May 22, 2024).[3]

In Texas, "where a court does not order that two or more sentences in different

---

[3] We note that, as an unpublished memorandum opinion, *Woodrome* has no precedential value. *See* TEX. R. APP. P. 47.7(a).

prosecutions run consecutively, then they run concurrently." *Ex parte Knipp*, 236 S.W.3d 214, 215 n.2 (Tex. Crim. App. 2007); *see also* TEX. CODE CRIM. PROC. ANN. art. 42.08(a); *Woodrome*, 2022 WL 480246, at *2. However, "[a] trial court's pronouncement of sentence is oral, while the judgment, including the sentence assessed, is merely the written declaration and embodiment of that oral pronouncement." *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). "The solution in those cases in which the oral pronouncement and the written judgment conflict is to reform the written judgment to conform to the sentence that was orally pronounced." *Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003).

Here, the written judgment states: "This sentence shall run N/A." However, when it orally imposed the sentence in open court, the trial court stated, "This sentence will run consecutive to your federal sentence." The judgment conflicts with the trial court's oral ruling. Accordingly, we must reform the written judgment to reflect that this sentence is to run consecutive to the federal sentence. *See id.*; *see also Pettigrew v. State*, 48 S.W.3d 769, 771 (Tex. Crim. App. 2001) ("[F]or the purpose of stacking, a case could be treated as a 'conviction' at the time sentence is suspended or at the time sentence is imposed."); *Chairez v. State*, No. 05-22-00967-CR, 2023 WL 9693573, at *1 (Tex. App.—Dallas Dec. 6, 2023, pet. ref'd) (mem. op., not designated for publication) (reforming the judgment "to reflect that the sentence is to run consecutively" because the judgment conflicted with the trial court's pronouncement). We overrule appellant's second issue.

## IV. CREDIT FOR TIME SERVED

By his third issue, appellant contends that the credit for time served in the judgment

is incorrect. Specifically, appellant states that he was only credited with 705 days when the time credited to him should have included his incarceration beginning on September 9, 2019, "when the active bench warrant was issued and at the time [he] was in custody." Thus, according to appellant, his credit for time served should be 2,071 days, "which is the 1,380 days that elapsed between September 9, 2019[,] and the June 20, 2023, revocation hearing, along with the 691 days, [he] served . . . from April 8, 2015 until April 8, 2018." Appellant maintains that such error renders the judgment void.

Article 42.03, § 2 of the Texas Code of Criminal Procedure provides that "[i]n all criminal cases the judge of the court in which the defendant is convicted shall give the defendant credit on the defendant's sentence for the time spent . . . in jail." TEX. CODE CRIM. PROC. ANN. art. 42.03, § 2(a)(1). Generally, a defendant is entitled to credit for time the defendant was confined pending a hearing on a motion to revoke community supervision. *Broussard v. State*, 226 S.W.3d 619, 621 (Tex. App.—Houston [1st Dist.] 2007, no pet); *Ex parte Bates*, 978 S.W.2d 575, 577–78 (Tex. Crim. App. 1998). However, a person who has been arrested for a separate offense is not entitled to credit for time served on the separate charge. *Phillips v. State*, 64 S.W.3d 458, 462 (Tex. App.—Houston [1st Dist.] 2001, no pet.).

Here, appellant has been incarcerated since 2018 due to his separate federal offense. Thus, his confinement was not the result of the State's pending motion to revoke. We may not modify the judgment to reflect credit for any time appellant served for a separate federal offense. *See Broussard*, 226 S.W.3d at 621 (concluding that it could not modify the judgment because the necessary evidence was missing from the record (citing

11

*McGregor v. State*, 145 S.W.3d 820, 822 n.1 (Tex. App.—Dallas 2004, no pet.)); *Phillips*, 64 S.W.3d at 462 (determining that the trial court was not required to award the appellant jail time credit because the appellant's confinement was not the result of a pending motion to revoke community supervision); *see also Jones v. State*, No. 04-04-00526-CR, 2005 WL 2860016, at *1 (Tex. App.—San Antonio Nov. 2, 2005, no pet.) (mem. op., not designated for publication) (noting "that a defendant is not entitled to credit if his confinement prior to the revocation hearing was not due to the motion to revoke"). We overrule appellant's third issue.

## V. CONCLUSION

We affirm the trial court's judgment as modified.

JAIME TIJERINA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
25th day of July, 2024.

12